587 So.2d 803 (1991)
St. Cyr ROMERO, et al., Plaintiffs-Appellees,
v.
CHRIS CRUSTA FLYING SERVICE, INC., Defendant-Appellant.
No. 90-404.
Court of Appeal of Louisiana, Third Circuit.
October 2, 1991.
Rehearing Denied November 13, 1991.
*804 Theall & Fontana, Ted Ayo, Abbeville, plaintiffs-appellees.
Cooper, Ortego & Woodruff, Silas B. Cooper, Jr., Abbeville, defendant-appellant.
Before FORET and DOUCET, JJ., and CULPEPPER,[*] J. Pro Tem.
WILLIAM A. CULPEPPER, Judge, Pro Tem.
The sole issue presented by this appeal is whether the trial judge was correct in denying sanctions under La.C.C.P. art. 863.
Defendant, Chris Crusta Flying Service, Inc., filed a rule seeking art. 863 sanctions against plaintiffs, St. Cyr Romero, O.J. Romero, A.W. Romero, and their attorney. After a hearing on the rule, judgment was rendered denying sanctions. Defendant appealed.
Defendant is a crop dusting service operated out of Vermilion Parish. Plaintiffs are residents of Vermilion Parish. On July 21, 1988, plaintiffs brought suit against defendant alleging that defendant had negligently sprayed chemicals on fields adjacent to their property which damaged plaintiffs' fruit trees, gardens and buildings.
On February 9, 1989, the suit was compromised by an agreement wherein defendant paid a total of $3,250.00 to the three plaintiffs in return for plaintiffs' releasing defendant from all liability. A judgment dismissing the suit pursuant to the compromise was signed by the district judge on February 22, 1989.
On May 8, 1989, plaintiffs filed a rule for contempt alleging that defendant had, again, flown over their property and sprayed, violating an obligation by defendant in the compromise agreement and a restraining order.
On June 30, 1989, defendant filed an exception of no cause and/or no right of action alleging that no restraining order or any other form of court order was ever issued of which it could be in contempt. On July 17, 1989, the trial judge signed a judgment granting defendant's exception and dismissing plaintiffs' rule for contempt.
After an extensive search of the record, this court cannot find any court order or injunction which directs defendant to refrain from flying over plaintiffs' property. However, on July 24, 1989, defendant filed a motion to reform the February 9, 1989 agreement which compromised the original suit. In this motion, defendant states that it signed an agreement in which it agreed not to fly over plaintiffs' property. The motion further stated that the agreement was inadequate because it does not specifically *805 describe plaintiffs' property and thus defendant has no way of knowing how far plaintiffs' property extends. On January 23, 1990, defendant filed a motion to dismiss its motion to reform and it was dismissed that same day.
After a thorough search of the record, no agreement was found wherein defendant agreed not to fly over plaintiffs' property. There is testimony by defendant's attorney in the record that defendant did sign such an agreement and that it is filed in the record. Nevertheless, the agreement does not appear in the record. The only document contained in the record is titled "Receipt and Release" and it contains language regarding the receiving of monies and the releasing from liability.
On June 30, 1989, defendant filed a rule to show cause alleging that plaintiffs improperly filed the May 8, 1989 rule for contempt because there was no order of which defendant could be in contempt. Defendant further alleged that plaintiffs filed the rule for improper purposes such as to harass defendant and to increase litigation costs. Defendant requested that plaintiffs be sanctioned under La.C.C.P. art. 863 and be compelled to pay attorney's fees.
After a hearing, the trial court ruled in favor of plaintiffs. In his oral reasons for judgment, the trial judge stated that the filing of plaintiffs' rule was not unreasonable and thus sanctions were not warranted. It is from this ruling that defendant appeals.

LAW
La.C.C.P. art. 863, as amended by Act 442 of 1988, effective January 1, 1989, provides in part:
"A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee."
Article 863 is derived from Rule 11, Federal Rules of Civil Procedure. The federal decisions afford us guidance for our interpretation and application. Allen v. Smith, 390 So.2d 1300 (La.1980); Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2 Cir.1990).
Rule 11 and art. 863 require the attorney or litigant who signs a pleading to make an objectively reasonable inquiry into the facts and the law. Both Rule 11 and art. 863 are addressed to two separate problems: first, the problem of frivolous filings; and, second, the problem of misusing judicial procedures as a weapon for personal or economic harassment.
Where a court finds that the conduct of a signing attorney or party is improper or unreasonable under Rule 11 or art. 863, the court is required to fashion an appropriate sanction. Robinson v. National Cash Register Co., 808 F.2d 1119 (5th Cir.1987); Diesel Driving Academy, Inc., supra. However, the "abuse of discretion" standard of review applies to the trial court's finding that a violation has occurred and to its determination of the amount and type of sanction imposed. Diesel Driving Academy, Inc., supra.
*806 The recent decision in Diesel Driving Academy, Inc., supra, was not available to counsel or the trial judge in the present case. In that case, the plaintiff-employer sued its former employee to enforce an employment agreement not to compete. A statute prohibited employee agreements not to compete unless the employer incurred "substantial" expense to train the employee or advertise his connection with the business. Jurisprudence had established the rule that on-the-job training and normal expenses of supervision are not "training expenses" under the statute. In its petition, plaintiff alleged training expenses totaling $147,000.00, but the evidence showed that all except a very small amount was on-the-job training and normal supervision. The trial court dismissed plaintiff's suit on the basis that it had failed to show substantial training or advertising expense. Defendant then filed a motion for sanctions under art. 863. The trial court granted sanctions and awarded defendant $1,000.00 in damages, plus $11,352.00 for attorney's fees. On appeal, the Second Circuit affirmed, except in minor point not pertinent here, and stated the law as follows:
"Rule 11 and Art. 863 require the attorney or litigant who signs a pleading to make an objectively reasonable inquiry into the facts and the law. Subjective good faith does not satisfy the duty of reasonable inquiry. Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 873-874 (5th Cir.1988).
Among the factors to be considered in determining whether a reasonable factual inquiry has been made are
the time available to the signer for investigation;
the extent of the attorney's reliance on his client for the factual support for the document;
the feasibility of a prefiling investigation;
whether the signing attorney accepted the case from another member of the bar or forwarding attorney;
the complexity of the factual and legal issues; and
the extent to which development of the factual circumstances underlying the claim requires discovery.

Thomas, supra, 836 F.2d at 875.
Factors for determining whether reasonable legal inquiry was made include the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; the pro se status of a litigant; and the complexity of the legal and factual issues raised. Thomas, supra, 836 F.2d at 875-876.
The cost of a foreseeable response by opposing parties is also relevant in determining the standard of reasonable inquiry. Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548 (9th Cir.1986), U.S. cert. denied.
Rule 11 [and CCP Art. 863]
seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law.... The Rule is not breached if after reasonable legal research and adequate factual investigation, a party and counsel in good faith decide to challenge existing law.... [S]anctions ..., do not automatically or usually follow an adverse judgment or ruling. Substantially more is required. Gaiardo v. Ethyl Corp., 835 F.2d 479, 483-484 (3d Cir.1987). Emphasis added; citations omitted.
The `abuse of discretion' standard of review applies to the trial court's finding that a violation has occurred and to its determination of the amount and type of sanction imposed. Thomas, supra, 836 F.2d at 871-872."
Applying the Diesel Driving Academy, Inc. guidelines to the present case, a reasonable factual inquiry was not made. Plaintiffs' attorney alleged in the rule for contempt that there was an agreement by defendant that it would not fly over plaintiffs' properties and that there was a restraining order enjoining such flights. No such agreement is in evidence and there clearly never was a restraining order. Plaintiffs' attorney in the rule for contempt was also their attorney in their suit which *807 was compromised and dismissed. He had full personal knowledge that no restraining order ever existed.
Moreover, no reasonable inquiry as to the law was made. In the absence of a court order, there could be no contempt. It was not reasonable to seek such relief.
We conclude that this is a clear case for art. 863 sanctions. The trial judge was clearly wrong in his determination that no violation had occurred.
At the sanctions hearing, defendant's attorney testified that his client had incurred and paid expenses and attorney's fees of a little over $1,000.00 to defend against the rule for contempt. Defendant should be reimbursed for this amount. In addition, we award defendant $1,000.00 as a reasonable fee for its attorney in handling this appeal.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of the defendant, Chris Crusta Flying Service, Inc., and against the plaintiffs, St. Cyr Romero, O.J. Romero and A.W. Romero, and their attorney, Ted L. Ayo, for the sum of $2,000.00 together with all costs of the rule for contempt in both the trial and appellate courts, and judicial interest from the date of this judgment until paid.
REVERSED AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision as Judge Pro Tempore.