JONES, Judge.
Plaintiff in concursus, The State of Louisiana, appeals the trial court’s judgment releasing the concursus funds to defendants in concursus, Henry P. Julien, Joseph W. Thomas, and Josie Hampton.
This suit began as a medical malpractice action filed by attorneys Thomas and Julien on behalf of Hampton against the State of Louisiana, Charity Hospital, Holly F. Greenfield, Charles Smith and Marcus Reyes. The claim was tried before a jury and appealed to this court where a judgment was entered in favor of Hampton in the amount of $1,500,000.00 plus interest and costs. Hampton v. Greenfield, 576 So.2d 630 (La.App. 4th Cir.) writ denied 581 So.2d 686 (La.1991). The judgment is now final.
The present proceeding is a concursus invoked by the State of Louisiana, Division of Administration, which claimed that there was a dispute between Hampton, her attorneys, the Internal Revenue Service, Claudette Thomas (former wife of Joseph Thomas) and John Pender (bankruptcy trustee for Joseph Thomas). The State of Louisiana, Office of Risk Management, was also added as a defendant. The State of Louisiana has deposited in the registry of this Court a total of $2,027,382.08, representing the Hampton judgment plus interest and costs. An agreement between the parties resulted in the release of $878,-863.72 which represented all sums due under the Louisiana Medical Malpractice Act, La.R.S. 40:1299.39 et seq. The IRS, Claudette Thomas and John Pender have all since declared that they have no rights to the funds at issue. Therefore, the remaining defendants are Hampton, her attorneys Thomas and Julien, and the State of Louisiana. Hampton, Thomas and Julien have stipulated that there is no dispute between them regarding this money.
The trial court found that the State was using the concursus proceeding to reliti-gate the issue of liability. It found that the State' was attempting to change its rules regarding payment of judgments for this case. The State’s action was dismissed and the funds in concursus were ordered released to the defendants Thomas, Julien and Hampton. The State appeals.
Hampton and her attorneys filed a partial motion to dismiss the appeal pursuant to ACT 409, Louisiana Acts of 1992. That act appropriates funds from the Self-Insurance Fund for the payment of the balance of the judgment of this court with legal interest and was signed by the Governor on June 19, 1992. However, Hampton and her attorneys urged judgment on the sanctions issue which is still viable. Subsequently, the State filed a motion to dismiss the appeal and concedes that the funds in escrow should be distributed to Hampton and her attorneys. All motions were considered in light of the opinion rendered today.
By its first assignment of error, the State claims that it intended to use the concursus proceeding to litigate the enforceability of defendants’ judgment, not their entitlement to the judgment itself. It noted that such judgment was in excess of certain statutory caps and was therefore unenforceable. Furthermore, the legislature had never appropriated monies or indicated a willingness to appropriate money to pay this judgment. The State argues to pay this judgment would be a usurpation of the legislature’s appropriative power.
Defendants respond that these arguments have already been presented to this court when plaintiff contested liability in its appeal of the judgment. Further, defendants argue that the legislature has indicated its willingness to pay judgments like the instant one under the Louisiana Self-Insurance Law, La.R.S.Ann. 39:1527 et seq. Finally, the defendants maintain that the concursus was properly dismissed because a concursus proceeding is not the proper legal mechanism to challenge the enforceability of the judgment.
*329 We agree with the trial court. The State has conjured a distinction between entitlement to a judgment and enforcement of a judgment in order to relitigate the liability issue. Where the party liable to pay the judgment, the State of Louisiana, is the same as the party ordered to pay the judgment, the State of Louisiana, we find that no such distinction exists. The State has already lost its appeals on the issue of liability in this case and this court has held that the cap is not applicable.
By its second assignment of error, the State argues that the trial court’s reliance on La.C.C.P. article 4652 was improper for several reasons. The trial court acknowledged that La.C.C.P. article 4652 precludes the impleading of a claimant whose claim has been prosecuted to judgment. However, the trial court does not specifically rely on article 4652 in dismissing plaintiffs concursus. Rather, it found that there was no dispute as between the remaining defendants. Therefore we pretermit any discussion of this issue.
By its third assignment of error, the State argues that the Louisiana Code of Civil Procedure prohibits exceptions to the answer of a defendant in concursus and the trial court should not have entertained defendants’ exception. There would be no concursus but for the fact that the State named itself as a defendant. Whether the State has any claim to the funds in concur-sus has already been adjudicated. The court could have recognized on its own accord, without entertaining defendant’s exceptions of no cause and no right of action and its motion to dismiss, that there was no dispute between the parties as to the funds in concursus.
The trial court concluded La.C.C.P. art. 4658 provides that a plaintiff filing a con-cursus proceeding admits that the funds on deposit are due to one or more of the defendants. Thus, plaintiff is precluded from having the funds returned to it.
Finally, defendants argue that sanctions are warranted. The trial court found that “[t]he State candidly admits that judgments against it are customarily paid, then the required legislative appropriation is sought.” The trial court found that the State was attempting to change its rules regarding the payment of judgments for this case.
Additionally, the State named as defendants parties who had never asserted a claim to the judgment, such as Thomas’ former wife and his bankruptcy trustee. The State had no basis to join the creditors of the prevailing attorneys in the concur-sus. It also named itself as a defendant and coincidentally it is the sole defendant disputing ownership of the judgment. Contrary to its allegations that this judgment was not paid because of its caution in not usurping the constitutionally delegated power of the legislature, the State failed to release without waiver of rights, that portion of the judgment that is authorized by statute. Defendants allege that this appeal is frivolous and in bad faith and motivated by racial animus.
We find insufficient evidence that racial animus was a motive of this appeal. We do find that the trial court’s reasons for judgment are adequate to support sanctions against the State on appeal. The State’s arguments in this proceeding are identical to those already adjudicated by this court. The State is simply ignoring the prior holding of this court.
Defendants maintain that sanctions should be issued pursuant to La.C.C.P. article 863, counterpart to Rule 11 of the Federal Rules of Civil Procedure, totalling three times the amount of judicial interest interrupted when the State deposited the funds in the court’s registry. Where a court finds that the conduct of a signing attorney or party is improper or unreasonable under F.R.C.P. Rule 11 or its state counterpart, the court is required to fashion an appropriate sanction. Romero v. Chris Crusta Flying Service, Inc., 587 So.2d 803 (La.App. 3 Cir.1991). Because defendants have not requested attorney fees, we find that an award representing two times the amount of judicial interest that defendants would have been entitled to but for the filing of the concursus is not unreasonable.
*330 The State contends that defendants should be sanctioned under La.C.C.P. arts. 222 and 864 for their scandalous and insulting imputation of racial motivations to the State. No evidence was presented to support the State’s request for sanctions.
For the foregoing reasons, we affirm the trial court’s judgment and remand this case to the trial court for a computation of sanctions against the plaintiff, State of Louisiana, equivalent to twice the amount of judicial interest interrupted when the State deposited the funds in the court’s registry. IT IS FURTHER ORDERED that the funds in concursus be immediately released to Hampton and her attorneys consistent with this opinion.
AFFIRMED AND REMANDED.