DOMENGEAUX, Chief Judge.
Gulf Coast Bank filed this executory process suit against its debtor, Douglas J. Robi-no, Sr. During the course of the litigation, and prior to the sheriffs sale, the Bank filed a rule for damages, sanctions, and attorney’s fees under La.C.C.P. Art. 863 against Robino and his attorney, Mr. George Tate. After the sheriffs sale, the trial court conducted a hearing on the Bank’s motion and granted the relief requested. Robino and Tate appealed the trial court’s judgment against them, and the Bank answered the appeal, seeking an award of attorney’s fees for ser *1191 vices on appeal. We amend, and as amended, affirm.
FACTS
An action for sanctions which pertains to the signing and filing of pleadings is governed by La.C.C.P. Art. 863, which provides in pertinent part:
Art. 863. Signing of pleadings, effect
⅜ ⅜ ⅜ ⅜ ⅜ ⅜!
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
* Hi * * * *
In its action for sanctions, the Bank complained of a certain pleading filed on behalf of Robino which was entitled, “Verified Intervention of Douglas J. Robino, Sr. seeking TRO and Injunctions.”[1] In keeping with the requirement of Article 863E, the trial court conducted a hearing and took evidence from both sides.
The transcript of the hearing and the exhibits submitted reveal the following facts. Robino borrowed money from the Bank in 1987 and secured the debt with certain collateral, including his home and his shrimp boat. Sometime thereafter, Robino went into bankruptcy. His shrimp boat was auctioned, and the proceeds were applied to Robino’s debt to the Bank.
In July of 1990, Robino evidenced an intent to dismiss his bankruptcy proceeding. Accordingly, on July 10, 1990, the Bankruptcy Court issued an order which would allow the Bank to proceed via executory process, in satisfaction of the remaining debt owed by Robino. The bankruptcy case was dismissed, and on October 10, 1990, the Bank filed suit for executory process. The sheriffs sale was scheduled for December 5, 1990.
On the morning of December 5, 1990, Ro-bino filed another bankruptcy petition. An automatic stay of all legal proceedings involving Robino was issued, and the sheriffs sale was cancelled. On March 1, 1991, the bankruptcy trustee moved to dismiss,[2] and the dismissal, which Robino did not oppose, was granted on April 9, 1991. The case was dismissed with prejudice, and Robino was prohibited from filing another bankruptcy case for the next 180 days.
The sheriffs sale in the Bank’s executory process suit was then rescheduled for May 29, 1991. On the morning of May 29, Robi-no’s attorney filed the intervention, request *1192 ing a TRO to enjoin the sale which was set for 10 o’clock that morning. The TRO was issued and the sheriffs sale was again postponed.
Robino’s intervention was premised on the need for an accounting and the pending private sale of his home. However, the suit for executory process had been filed eight months before, giving Robino plenty of time to ask for an accounting prior to the sheriffs sale. And the private sale of the home never materialized. Furthermore, neither Robino nor his counsel ever paid the filing cost for the intervention, nor did they attempt at that time to proceed in forma pauperis. The motion was never set for hearing, and the TRO expired after 10 days. The sheriffs sale was then rescheduled for August 14, 1991.
On August 7, Robino’s counsel sent a notice of deposition to the Bank’s counsel stating that the Bank’s deposition would be taken on August 12. The Bank’s counsel had a previously scheduled court appearance on that date; he moved for a protective order and offered to reschedule the deposition on August 13. The protective order was granted and the court ordered that the deposition be continued indefinitely.
On August 13, 1991, Robino filed a third bankruptcy petition. An automatic stay was issued, and the sheriffs sale set for August 14 was cancelled. Counsel for the Bank was not notified of the stay until moments before the sale was to take place. Later in the day, on August 14, the bankruptcy judge dismissed Robino’s petition ex parte, noting that the filing was a clear abuse of process as it violated the 180 day rule imposed in the April 9 order. The judge also denied a motion to reconsider the dismissal which was filed on August 26. The sheriffs sale was then rescheduled for September 25, 1991.
On September 24, Robino’s counsel moved to have the sheriffs sale reset. This motion was denied, and Robino’s writ application to this court was likewise denied. The sheriffs sale finally took place on September 25, and Robino’s property was purchased by his attorney, George Tate. The proceeds of the sale satisfied the entirety of Robino’s debt to the Bank.
The Bank’s rule for damages, sanctions, and attorney’s fees was heard on September 30, and the Bank was awarded $8,937.00 as damages and expenses.
DISCUSSION
In reviewing a trial court’s factual findings under La.C.C.P. Art. 863, an appellate court must apply the manifest error or clearly wrong standard of review. Murphy v. Boeing Petroleum Services, Inc., 600 So.2d 823 (La.App. 3d Cir.1992); Romero v. Chris Crusta Flying Service, Inc., 587 So.2d 803 (La.App. 3d Cir.1991).
In his reasons for ruling, the trial court made the following factual findings:
The Court finds that defendant and his attorney’s actions were not only meant to delay the ultimate result of the executory process as admitted, but those actions were timed purposefully to harass plaintiff and increase the costs of the proceedings. The fact that defendant continually and purposefully took these actions at the very last possible moment was especially frustrating to the legal process.
The trial judge sanctioned Robino and his attorney for actions taken in state court, not in Bankruptcy Court. On appeal, Robino and Tate contend the trial court erred in imposing sanctions as a result of two state court filings: the intervention seeking a TRO and the writ application to the Third Circuit.
The first question we must address is whether the TRO obtained by Robino was sought in good faith; that is, whether it was warranted by existing law or was sought merely for harassment or dilatory purposes. A cursory review of the pertinent provisions of the Code of Civil Procedure reveals that a TRO shall not issue to arrest the seizure and sale of immovable property. La.C.C.P. Art. 2752. Rather, a defendant may apply for a preliminary injunction in accordance with La. C.C.P. Art. 3602. La.C.C.P. Art. 3601 provides for the issuance of a TRO during the pendency of an action for injunction; however, that is a general provision that is overridden by exceptions stated elsewhere in the code, such as Article 2752. Clearly, Robino’s *1193 counsel made no reasonable inquiry as to the pertinent law.
Further, the factual background of this case indicates that the pleading was filed for both harassment and dilatory purposes. Ro-bino’s stated grounds for the TRO (that an accounting was necessary and a sale was pending) were not grounded in law and do not explain the dilatory nature of the filing. Had Tate acted timely on behalf of his client, he would have sought a preliminary injunction or some other appropriate remedy. The fact that Tate was unsuccessful in his attempts to find out certain accounting information from the Bank, if that is indeed correct, does not justify or in any way excuse his actions in filing a pleading in violation of Article 863.
The trial court made a factual finding that Article 863 had been violated. He awarded damages and attorney’s fees as allowed under that statute and in an amount that was well within his discretion.[3] We find no manifest error in the conclusions of the trial judge and affirm the judgment rendered in favor of the Bank.
We mention briefly Robino’s reference to the Third Circuit writ application. In his pretrial memo filed immediately prior to the hearing on the motion for sanctions, counsel for the Bank mentioned the writ application as another basis for sanctions. The trial judge, however, did not refer to the writ application in his reasons for ruling, and the application is not a part of the record on appeal. Therefore, we decline to consider whether Robino’s attorney again violated Article 863 by filing a writ application to this court.
The Bank has asked for a reasonable attorney’s fee for defending this appeal. Such a fee is warranted in this case, and we have determined that $1,000 is an appropriate amount. See Romero, supra.
DECREE
For the foregoing reasons, the judgment of the trial court is amended to award Gulf Coast Bank additional attorney’s fees in the amount of $1,000. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Douglas J. Robino, Sr. and George Tate.
AFFIRMED, AS AMENDED.
SAUNDERS, J., dissents and assigns reasons.

. The Bank also complained of certain bankruptcy filings made by Robino's counsel, but the trial court found that any filings made in U.S. Bankruptcy Court would be actionable only in that court, not in state court.

. The motion to dismiss was based on the following grounds:
(1) unreasonable delay by the debtor was prejudicial to creditors; (2) the debtor failed to make payments pursuant to the plan; (3) the debtor failed to make a payment within 30 days of filing his plan; and (4) the debtor failed to show up at a hearing.

. The question of attorney’s fees under La.C.C.P. Art. 3608 has also been raised. Under the jurisprudence interpreting that statute, attorney's fees for the wrongful issuance of a TRO can be awarded only if the hearing for dissolution is held before the TRO expires. In the case before us, attorney's fees have been awarded under Article 863, not under Article 3608. The Bank did not attempt to have the TRO dissolved and did not seek damages or attorney's fees for the wrongful issuance of the TRO. Rather, the Bank sought damages and attorney’s fees for the filing of the intervention, which filing was found to be in violation of Article 863.