STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-306


KRISTA M. STEGALL

VERSUS

DAWN LANDRY LABORDE



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2012-1824
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and David Kent Savoie, Judges.


Pickett, J., dissents and assigns written reasons.


AFFIRMED.


Richard Ducote
Attorney at Law
4800 Liberty Avenue, Third Floor
Pittsburgh, PA 15224
(412) 687-2020
In Proper Person/Appellant

**Anthony J. Fontana, Jr.**
**Attorney at Law**
**210 N. Washington St.**
**Abbeville, LA 70510**
**(337) 898-8332**
**Counsel for Defendant/Appellee:**
     **Dawn Landry LaBorde**

**KEATY, Judge.**

Plaintiff's attorney, Richard Ducote, appeals a judgment of the trial court sanctioning him under La.Code Civ.P. 863. For the following reasons, we affirm.

<u>STATEMENT OF THE CASE</u>

In October 2011, during a custody proceeding before Judge David Blanchet between Krista Stegall and Brandon Mouret, their young daughter made an allegation of abuse by the son of Dawn Laborde, Mr. Mouret's girlfriend. Subsequently, on March 30, 2012, Ms. Stegall filed a petition for damages against Ms. Laborde, seeking damages as a result of the alleged abuse. Following a trial on August 7-8, 2012, in the custody suit, Judge Blanchet found that Ms. Stegall failed to prove the allegations of abuse; a judgment to that effect was signed on October 24, 2012. Meanwhile, the civil suit was still pending. A trial by jury was originally set for February 19, 2013, but was continued for additional discovery. The trial was reset for September 23, 2013. Two weeks before trial, Ms. Stegall filed a motion to dismiss the suit without prejudice because of the minor child's unwillingness to testify. Judge Durwood Conque denied the motion to dismiss without prejudice, and ordered the trial continued to the next day. When Ms. Stegall did not proceed with the trial on September 24, 2013, Judge Conque dismissed the suit with prejudice. The dismissal was memorialized in a judgment signed on October 7, 2013. No appeal was taken, and that judgment is now final.

On September 24, 2014, one year from the signing of the judgment dismissing Ms. Stegall's case, Ms. Laborde filed a Rule for Sanctions against Mr. Ducote, claiming that the suit was filed in violation of La.Code Civ.P. arts. 863 and 864. Specifically, Ms. Laborde claimed that Mr. Ducote filed the civil action without doing sufficient investigation of the claims, failed to investigate

through discovery after the suit was filed, refused to dismiss the case when Judge Blanchet found a lack of proof in the custody case, sought a continuance for further discovery and then failed to conduct such discovery, failed to subpoena any witnesses for trial after having filed three witness lists, and refused to dismiss the petition in the instant matter when he knew he would not proceed to trial. Ms. Laborde further argued that:

> [Mr. Ducote] never intended to try this case as he was only proceeding with appearing to prepare for trial to harass mover and to scare mover into paying money to protect the name and reputation of her minor son who was guilty of nothing[,] . . . all of which is a serious breach of respondent's duty as an officer of the Court, a violation of Article 863 of the Louisiana Code of Civil Procedure and Article 864 of the Louisiana Code of Civil Procedure which has cost[] mover thousands of dollars in attorney's fees and costs much less unjustified worry, anxiety[,] and grief for she and her son.

Following a December 8, 2014 hearing, Judge Conque awarded sanctions against Mr. Ducote payable to Ms. Laborde in the amount of $21,210.56. Mr. Ducote now appeals that judgment.

## ASSIGNMENT OF ERROR

On appeal, Mr. Ducote asserts one assignment of error: "The trial court erred and manifestly abused its discretion in awarding the Appellee La.Code Civ.P. art. 863 sanctions in the amount of $21,210.56, plus costs, against Appellant counsel."

## DISCUSSION

The trial court imposed sanctions pursuant to La.Code Civ.P. art. 863, which states:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

2

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

3

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

"An attorney may be subjected to appropriate disciplinary action for a wilful violation of any provision of Article 863, or for the insertion of scandalous or indecent matter in a pleading." La.Code Civ.P. art. 864.

Pursuant to Section G of La.Code Civ.P. art. 863, the trial court explained the basis for its imposition of sanctions against Mr. Ducote as follows:

> What concerns me most about this case is that -- the filing of the petition was one thing, but then the continued filing of pleadings, the continued discovery, the -- or attempts at discovery, would indicate to me that it should have been clear at the outset and at all times during the proceeding that this claim had no basis in evidentiary fact.

> I'm going to grant the motion. I'm going to impose sanctions. And this is based on everything that I heard on the previous motion to dismiss without prejudice on which I ruled and on everything that I have read in the pleadings during that time, at that time, and since, on the arguments given today and the evidence presented today.

> . . . .

> One other thing I wanted to note, just to address some of the arguments made by counsel, while it was pointed out as to what the attorney defending this lawsuit might have done, I would also point out that there's total absence, at least before me in the custody case after Judge Blanchet's ruling and after all of these issues that were called into question by it, according to counsel, there was no motion for re-hearing, there was no appeal, there was no action taken with regard to Judge Blanchet's order . . . .

> The only response to Judge Blanchet's ruling apparently was the filing of this lawsuit or the continuation of this lawsuit.

We will not disturb the trial court's factual findings in determining whether there has been a violation of La.Code Civ.P. art. 863 unless they are manifestly erroneous or clearly wrong. *Gulf Coast Bank v. Robino*, 634 So.2d 1190 (La.App. 3 Cir.), *writ denied*, 635 So.2d 1101 (La.1993). "Article 863 is intended for

4

exceptional circumstances only and the slightest justification for the exercise of a legal right precludes sanctions." *Collins v. Ferrellgas, Inc.*, 96-810, p. 4 (La.App. 3 Cir. 2/5/97), 689 So.2d 569, 571.

Mr. Ducote filed this lawsuit on behalf of Ms. Stegall in March 2012 after her minor daughter made an allegation of abuse in an October 20, 2011 hearing in the custody case before Judge Blanchet.[1] The issue of this alleged abuse was a contested matter in the custody case between Ms. Stegall and Mr. Mouret. Ultimately, after a trial in August 2012, Judge Blanchet determined that the allegations of abuse by Ms. Laborde's son were not proven.

At the December 8, 2014 hearing on Ms. Laborde's Rule for Sanctions, the parties seemed to agree that the initial filing of this lawsuit was not a violation of the statute. Ms. Laborde argued that the ruling by Judge Blanchet should have ended this civil suit, because the issues were the same. Judge Conque noted that the judgment in Judge Blanchet's court had no binding effect, but he nonetheless used that ruling as a basis for determining that any further pleadings in the civil suit lacked substance. Judge Conque ultimately concluded that "it should have been clear at the outset and at all times during the proceeding that this claim had no basis in evidentiary fact."

This court has previously recognized that "Article 863 . . . impose[s] upon attorneys and litigants affirmative duties as of the date a document is certified. The obligation imposed upon litigants and their counsel who signed a document is to make an objectively reasonable inquiry into the facts and law." *Murphy v. Boeing Petroleum Servs., Inc.*, 600 So.2d 823, 826 (La.App. 3 Cir. 1992). Louisiana Code of Civil Procedure Article 863(D) directs that "[i]f . . . the court determines that a

---

[1] Mr. Ducote was not the attorney for Ms. Stegall at the time the allegation was made.

5

certification has been made in violation of the provisions of this Article, the court **shall impose** upon the person who made the certification . . . an appropriate **sanction**." (Emphasis added.) On the other hand, La.Code Civ.P. art. 864 provides that an "attorney **may** be subjected to appropriate **disciplinary action** for a wilful violation of any provision of Article 863." (Emphasis added.) Judge Conque made specific reference to this distinction at the hearing on the motion for sanctions. More particularly, he noted that if Mr. Ducote's violation of Article 863 "were found by me to be willful, then I would be obligated. . . . and every attorney in this room who has heard it, to report you to the disciplinary commission." Judge Conque then stated, "I am not necessarily saying that it was willful, but I certainly think that it was in violation of Article 863." Finally, Judge Conque noted that Mr. Ducote's voluntary dismissal of the suit did not come "within 90 days of the filing of the original petition or at any time provided for by Section F." Given the foregoing, we find no manifest error in the factual findings made by Judge Conque in support of his decision to grant Ms. Laborde's request for sanctions.

## <u>DECREE</u>

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Richard Ducote.

**AFFIRMED.**

6

KRISTA M. STEGALL

VERSUS

DAWN LANDRY LABORDE

**Pickett, J., dissenting:**

I respectfully dissent. I find the trial court committed manifest error in finding no reasonable basis for this claim, and in awarding sanctions. The record before us fails to show any pleading signed by Mr. Ducote that was proven to be solely for the purpose of harassment or delay. I note that in a criminal case, the victim's testimony, if believed by the trier of fact and free from irreconcilable contradictions, is sufficient to support a verdict of guilty. *State v. Dorsey*, 10-216 (La. 9/7/11), 74 So.3d 603, *cert. denied*, ___ U.S. ___, 132 S.Ct. 1859 (2012).

While ultimately unsuccessful, the fact that the issue of the alleged abuse was fully litigated in the separate custody proceeding is at the very least sufficient to support the pleadings in this suit. Further, the majority recognizes that the result in that suit has no preclusive effect on the claims made in the instant suit. Accordingly, I would reverse the judgment of the trial court awarding sanctions.