523 So.2d 896 (1988)
Alma ORTIZ
v.
Eugene BARRIFFE, Jr. and Errol Ware.
No. CA-8506.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 1988.
Rehearing Denied May 11, 1988.
Darleen M. Jacobs, Brian C. Beckwith, and Mary Anne Mumme, New Orleans, for defendants/appellees.
Camilo K. Salas, III Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for plaintiff/appellant.
Before GARRISON, LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Plaintiff, Alma Ortiz, (Ortiz) appeals the judgment of the District Court which dismissed her claims for defamation and malicious prosecution on exceptions of prescription and res judicata.
The facts which precipitated this action are as follows.
In December of 1982, Eugene Barriffe, Jr. (Barriffe) and Erroll Ware (Ware)[1] filed suit against Ortiz and her husband. The allegations of that petition accused the Ortizes of taping certain telephone conversations they had with their clients, and others, and releasing that recorded information to third parties.
In that lawsuit, the Ortizes reconvened asserting a cause of action for libel and slander (defamation) based on the allegations of Barriffe and Ware. The interrogatories submitted to the jury concerning the reconventional demand for defamation were not answered and the judgment of the trial court was silent as to that claim. Judgment on the main demand was rendered in favor of Barriffe and Ware. That decision, however, was overturned by this court on September 16, 1985.[2] The Supreme Court denied writs on November 15, 1985.
On November 14, 1986 Mr. & Mrs. Ortiz filed the instant suit against Barriffe and Ware asserting a claim for defamation, as well as a cause of action for the malicious *897 prosecution of the underlying suit described above.
Barriffe and Ware filed exceptions of prescription and res judicata which were maintained as to Alma Ortiz who perfects this appeal.
The issues for our review is whether Ortiz's claim is barred by prescription and/or res judicata. We first discuss res judicata.
RES JUDICATA
Ortiz's petition states a claim for defamation as well as malicious prosecution. We discuss each separately.
a) Malicious Prosecution
Ortiz argues that because she did not assert malicious prosecution in her reconventional demand, that claim is not barred in the instant suit. We agree.
La.R.S. 13:4231 provides the following essential elements for a successful plea of res judicata:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
In Mitchell v. Bertolla, 340 So.2d 287 (La. 1976), Justice Dixon set forth the civilian concept of cause (as distinguished from the common law "cause of action") as being "... the judicial or material fact which is the basis of the right claimed or defense pleaded." Id. at 291, citing 2 Planiol, Traite Elementaire De Drort Civil.
Malicious prosecution was not asserted in Ortiz's reconventional demand, nor could it be. The material fact supporting that claim was the unsuccessful prosecution by Barriffe and Ware of their suit against Ortiz. This claim could not be asserted until that lawsuit terminated. This reasoning is consistent with the well settled jurisprudence which holds "[t]ermination of civil proceeding which are contended to have been maliciously prosecuted is an essential element for a successful action for malicious prosecution." Hibernia National Bank v. Bolleter, 390 So.2d 842 (La.1980), on rehearing at 846. See also, Robinson v. Goudchaux's, 307 So.2d 287 (La.1975) wherein the court set forth the six elements necessary to support a malicious prosecution claim which includes termination of the underlying proceedings. Furthermore, the plain language of Ortiz's reconventional demand does not suggest a claim for malicious prosecution.
b) Defamation
The issue posed by the defamation allegations present different problems. We note that the claim for defamation in the reconventional demand (although asserted as libel or slander) is based on the same set of operational facts, i.e. the allegations made against her in the petition, as the defamation claim in the instant suit.
Ortiz argues, however, that res judicata is not applicable because she asserted no cause of action in her reconventional demand, and therefore it was improperly before the court and could not have been considered. In support thereof, Ortiz cites numerous cases, including this court's decision in McCall v. Bologna, 465 So.2d 115 (La.App. 4th Cir.1985), writs denied 468 So.2d 1212, for the principle that "... an action for libel or slander arising out of allegations or statements made in a judicial proceeding cannot be brought by a party to that proceeding until it is terminated." Id. at 116. Thus, Ortiz argues, since the underlying suit had not terminated she could not assert a cause of action for defamation in her reconventional demand. Thus, the defamation claim in the instant suit cannot be barred because of res judicata.
Barriffe and Ware argue that because the jury considered the reconventional demand and was silent in its verdict, this constitutes a rejection of the claim. Because no appeal was taken on that issue, the judgment is final and is res judicata with respect to Ortiz's present suit. In further response to Ortiz's argument they cite this court's decision in Bosch & Viera v. Kwik Home Services, Inc., 266 So.2d 732 *898 (La.App. 4th Cir.1972), writs refused 268 So.2d 258.
In Viera, supra, this court upheld an exception of no cause of action to a reconventional demand asserting defamation for the reason that it failed to assert that the statements were "immaterial" and made without probable cause and with malice. In so deciding, however, this Court rejected the argument that the principal action had to be terminated before the claim for defamation could be asserted. The dissent was critical of the majority for ignoring the rule that a claim for libelous statements "... arising out of the proceedings themselves does not come into existence until the termination of the proceedings." Id. at 736.
We note that our decision in McCall, supra failed to mention Viera, and is inconsistent with Viera's holding. In Union Service & Maintenance Co., Inc. v. Powell, 393 So.2d 94 (La.1980), our Supreme Court granted writs to resolve the conflict of whether a party who is defamed by the allegations in a law suit must await that suit's termination before suing for defamation. Unfortunately, the majority did not resolve that issue as the majority holding was based on pleading errors. However, Justice Watson, in his concurrence, criticized Viera for creating a distinction between libel actions and those for malicious prosecution, and the necessity for termination (of the proceedings from which they arose) in one, but not the other. We agree with his reasons.
We hold that an action for defamation arising out of allegations made in judicial proceeding, and made against a party to those proceedings, cannot be brought until those proceedings are terminated. To the extent Viera supra is inconsistent with this holding, it is overruled.[3]
We quote with approval the following from Justice Watson's concurrence.
"Viera erred not in allowing the demand by reconvention, but in allowing it at all prior to termination of the suit. The purpose of requiring an end to the initial litigation is obvious. A trier of fact who is trying to resolve conflicting claims should not have the further burden of deciding at the same time whether defamation is involved in the pleadings of one party or the other.
Those who labor daily in the law often do not realize the impact of a suit on the average layman. John Citizen when named a defendant usually reacts with a desire to sue for the insult. However, by the conclusion of trial, his temper has generally cooled and he is happy to be free of the court system. Encouraging a countersuit for defamation in each and every lawsuit discourages legitimate claims and burdens the courts unnecessarily." Union Service & Maintenance v. Powell, supra concurring opinion at 100.
The above quoted reasoning is consistent with the suggestion made in Calvert v. Simon, 311 So.2d 13 (La.App. 2nd Cir.1975) that the outcome of the original proceedings, although not necessarily determinative of whether a party can subsequently recover for libel, will have a strong bearing on that issue.
Because we hold that Ortiz could not have brought a defamation claim prior to termination of the suit brought by Barriffe and Ware, there can be no defense of res judicata to the instant case.
PRESCRIPTION
The underlying suit became final on November 15, 1985. Ortiz instituted these proceedings on November 14, 1986. Because we hold that termination of the underlying suit is a prerequisite to the bringing of the instant suit, prescription has not run. We reverse on this issue also.
Accordingly, the judgment of the trial court is reversed and the exceptions of prescription and res judicata are denied. The matter is remanded.
REVERSED AND REMANDED.
NOTES
[1] Barriffe and Ware are attorneys, and are the appellees in this suit.
[2] Barriffe v. Ortiz, 476 So.2d 371 (La.App. 4th Cir.1985).
[3] Pursuant to this Court's internal rules, this question was presented to the court en banc, and a majority voted to overrule Viera v. Kwik, supra.