602 So.2d 300 (1992)
In the Matter of the INTERDICTION OF James William THOMSON.
Rhonda Thomson GATTISAppellant,
v.
James William THOMSONAppellee.
No. 91-325.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1992.
J. Peyton Parker, Jr., Baton Rouge, for appellant.
Michael Davis, Alexandria, for appellee.
Before DOUCET, YELVERTON, and MARCHANTEL[*], Judges.
YELVERTON, Judge.
Rhonda Thomson Gattis sued for the interdiction of her father, James William Thomson. He answered the suit, denying the allegations of incapacity. By way of further answer, he alleged that the action was frivolous, and that plaintiff should be cast for his damages as a result of embarrassment and humiliation, and as a result of the expenses he had incurred in defending the action.
The court appointed an expert, as requested by the petitioner, to examine *301 Thomson. Thomson then moved to set the interdiction proceeding for trial summarily. La.C.C.P. art. 4546. The court ordered that the interdiction of Thomson be set for hearing on December 10, 1990, at 9:30 a.m., to be tried summarily and with preference.
At the hearing the plaintiff, though properly served, did not appear personally or through counsel. The defendant moved for a dismissal and the motion was granted.
The court then proceeded to hear evidence on the issues of whether the lawsuit was frivolous, and damages. The court found that the lawsuit was frivolous when the defendant introduced the report of the court-appointed physician indicating that Thomson suffered from no disabilities.
Finding that the lawsuit was groundless, the court awarded damages, which included $250 for the court-appointed doctor's fee, $900 for Thomson's attorney's fees, and an award of $1,000 to Thomson for inconvenience, humiliation and embarrassment caused by the proceeding.
The plaintiff, Rhonda Thomson Gattis, appealed.
We affirm the dismissal of the interdiction action, which was the main demand. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. La.C.C.P. art. 1672 A. We affirm the assessment of costs against the plaintiff, and the assessment of the $250 doctor's fee will be allowed as an item of costs. La.C.C.P. arts. 4547 and 4551.
The remaining damage awards are reversed and set aside. The order setting the case for trial summarily and with preference pertained to the interdiction only. The demand for damages in the answer and prayer in Thomson's answer cannot be treated as a motion for sanctions under La.C.C.P. art. 863. Our Article 863 has its source in Federal Rule 11. Under that rule, as interpreted by the federal courts, a claim for sanctions may not be raised as a countercliam, but may only be raised by motion. Lenoir v. Tannehill, 660 F.Supp. 42 (S.D.Miss.1986). If the hearing in the present case was intended to be a sanctions hearing, it was in violation of La.C.C.P. art. 863(E), because no motion for sanctions was ever made and the plaintiff and her counsel never received any notice of such a hearing. It is a matter of due process. Tom Growney Equip. v. Shelley Irr. Development, 834 F.2d 833 (9th Cir.1987).
The defendant's demand for damages asserted in its answer can only be treated as a reconventional demand. This demand was improperly considered. The cause of action asserted in the reconventional demand could not arise prior to the final determination of plaintiff's claim, and therefore it did not yet exist. It was subject to an exception of no cause of action. Thomas v. Mobley 118 So.2d 476 (La.App. 1st Cir.1960); Ortiz v. Barriffe, 523 So.2d 896 (La.App. 4th Cir.), writ denied, 531 So.2d 273 (La.1988); see, also, Justice Watson's dissent in Union Service & Maintenance v. Powell, 393 So.2d 94 (La.1980). On our own motion, we notice that the reconventional demand states no cause of action. La.C.C.P. art. 927. Accordingly, we dismiss and set aside the judgment as it pertains to the demands raised in defendant's answer. This dismissal is without prejudice.
The parties will share the costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.