11JONES, Judge.
Appellant, Harry F. Connick, the District Attorney for the Parish of Orleans appeals from a judgment of the trial court which dismissed an election suit filed by appellee, Morris Reed, but failed to grant a motion for costs, attorney fees and damages filed by appellant.

FACTS

On November 14, 1996, appellee, Morris W. Reed filed a petition contesting the legality of voting practices in the November 5, 1996 election for the position of District Attorney for the Parish of Orleans. Named as one of the defendants in the petition was appellant, the successful candidate in the race for District Attorney.
In the petition contesting the election, ap-pellee alleged, “Upon information and belief, more than sixteen thousand persons were allowed to vote, who were either deceased and/or residents of other parishes, inter alia.” Appellee averred that but for this fraud and/or other unlawful activities, he would have been elected Lto the position of District Attorney for the Parish of Orleans. Appellee sought an order setting aside the election, a declaration that the election was null and void, a rescheduling of the general election, a hearing on the fourth day following the filing of the petition, and attorney fees and costs pursuant to La.R.S. 18:537.
On November 15, 1997, appellant filed a motion for costs, attorney fees and damages “for the plaintiff filing a frivolous lawsuit contesting the election.” In that motion appellant averred, “Plaintiff has provided no allegations of substance or alleged any specific fact in his petition. This Motion is being brought pursuant to LSA-R.S. 18:1432 and Code of Civil Procedure Article 863.” Appellant sought an “award of costs, damages and attorney fees against both the plaintiff and his co-counsel.” Contemporaneously with the filing of the motion for costs, attorney fees and damages, appellant also filed a motion for an order to have the appellee’s deposition taken the next day, and for appellee to produce documents that he intended to use in support of his allegations at the deposition.
On November 15, 1996, appellee filed a first supplemental and amending petition amending the petition to merely state “upon information and belief, a large number of people were allowed to vote, who were either deceased and/or residents of other parishes, inter aha.” In the amended petition appellee also attempted to delete Harry F. Connick as a named defendant.
*427 On the morning of the hearing of the election suit, appellant filed a peremptory exception of no cause of action seeking dismissal of the suit at costs, attorney fees and damages and an answer, noting the answer was being filed “subject to the Exception of No Cause of Action filed.”
At the hearing, the appellee moved to dismiss the litigation. Appellant noted he had no objection to the dismissal. However, appellant requested that the case be dismissed with prejudice, and that his rights for attorney fees, contempt, |3damages and cost be reserved. Further, he requested that costs be assessed in the order of dismissal.
The court informed the parties that it would dismiss the suit with prejudice, and would also dismiss all the attending matters to the suit as well. The Court informed the appellant that the statute that he was relying upon to support his request for attorney fees only provided for a discretionary award of attorney fees. The Court commented that a very high standard had to be met to demonstrate frivolity, and that he could not “earmark this particular lawsuit as frivolous.” The court then signed an order dismissing the appellee’s lawsuit, with prejudice.
On appeal, appellant argues two assignments of error. In the first assignment of error, he argues the trial court erred as a matter of law in refusing to hear evidence in support of his request for damages, attorney fees and cost. In the second assignment of error appellant argues “the trial court abused its discretion in finding that the plaintiffs suit was not frivolous where the plaintiff had waived his right to contest the qualifications of any voters prior to fifing suit, had failed to state a cause of action, had failed to appear for his court-ordered deposition, had failed to present any evidence at trial and had sought dismissal ‘as of nonsuit on the date of trial.’ ”
Having reviewed the entire record of this ease, and considering the sequence of events, we conclude that appellant’s request for damages, attorneys fees and costs was premature. Consequently, the trial court did not err when it failed to grant appellant’s request for damages for the fifing of a frivolous lawsuit.
The sole basis for seeking damages, attorney fees and costs was that appellee’s lawsuit was frivolous. Appellant sought damages for the fifing of the lawsuit in the motion filed November 15,1996, and again on November 18,1996, in the preemptory exception filed the day of the hearing on appellee’s lawsuit. At the time these requests for damages, attorney fees and costs were filed, appellant |4had no cause of action since a demand for damages on the ground that the suit is frivolous can not arise prior to final determination of plaintiff’s claim, thus appellant’s requests were subject to an exception of no cause of action. See Matter of Interdiction of Thomson, 602 So.2d 300 (La.App. 3d Cir.1992) wherein the court reversed a trial court’s award of damages for the fifing of a frivolous action. In Thomson, the plaintiff sought interdiction of her father. Her father answered the suit, denying the allegations of incapacity and further alleged the action was frivolous. In the answer, the father sought damages. On the date of the scheduled hearing for the interdiction proceedings, neither the plaintiff nor her counsel appeared. The defendant moved for a dismissal and the motion was granted. The court then proceeded to hear evidence on the issues of whether the lawsuit was frivolous. Finding the lawsuit was groundless, the court awarded damages. Our brethren of the third circuit affirmed the dismissal of the interdiction action and the assessment of costs against plaintiff. However the court reversed the damage award, finding that the order setting the case for trial summarily and with preference pertained only to the interdiction, and further that the demand for damages in the answer and prayer could not be treated as a motion for sanctions under La.C.C.P. art 863, as a claim for sanctions could only be raised by motion. The court further stated:
The defendant’s demand for damages asserted in its answer can only be treated as a reconventional demand. This demand was improperly considered. The cause of action asserted in the reconventional demand could not arise prior to the final determination of plaintiffs claim, and *428 therefore it did not yet exist. It was subject to an exception of no cause of action. Thomas v. Mobley 118 So.2d 476 (La.App. 1st Cir.1960); Ortiz v. Barriffe, 523 So.2d 896 (La.App. 4th Cir.), writ denied, 531 So.2d 273 (La.1988); see, also, Justice Watson’s dissent in Union Service & Maintenance v. Powell, 393 So.2d 94 (La.1980). On our own motion, we notice that the reconventional demand states no cause of action. La.C.C.P. art. 927. Accordingly, we dismiss and set aside the judgment as it pertains to the demands raised in |5defendant’s answer. This dismissal is without prejudice, (emphasis added)
Id. at 301.
Similarly, in the case sub judice appellant’s claim for damages resulting from the filing of an alleged frivolous lawsuit did not exist at the time the claim was made. Therefore, on our own motion, we notice that appellant stated no cause of action for damages. La. C.C.P. art. 927.
Because appellant had no cause of action at the time the court commented on the merits of the action, res judicata does not apply and appellant is not prohibited from seeking to litigate the issue of damages upon the filing of a proper motion.
Each party is to bear his own costs for this appeal.

AFFIRMED.

BARRY, J., dissents.