1 iBARRY, Judge,
dissenting.
I would consider the merits. The majority holds, on this Court’s own motion, that the appellant did not have a cause of action for damages and attorney fees resulting from a frivolous suit until the conclusion of Reed’s suit.
The majority cites Interdiction of Thomson, 602 So.2d 300 (La.App. 3d Cir.1992). In Thomson, plaintiff sued for the interdiction of her father, who answered, requesting damages for embarrassment and humiliation. The trial court awarded damages, and the Third Circuit reversed. The Court reasoned that the request for damages could not be treated as a motion for sanctions under La. C.C.P. art. 863 because due process required that the motion be filed and the opposing party receive notice of the hearing. The Court then held that the request for damages would be treated as a reconventional demand and dismissed that demand because:
The cause of action asserted in the recon-ventional demand could not arise prior to the final determination of plaintiffs claim, and therefore it did not yet exist.
Thomson, 602 So.2d at 301.
The cases upon which Thomson relied for its holding that the cause of action did not arise prior to final determination of the plaintiffs claim are distinguishable because they were defamation and malicious prosecution claims. Louisiana courts have held that an action for defamation arising out of allegations in judicial proceedings and against a party to those proceedings cannot be brought until those proceedings are terminated. See Ballex v. Naccari, 95-0057 (La.App. 4 Cir. 126/7/95), 657 So.2d 511, 512 and cases cited therein. The same rule applies to claims for malicious prosecution. Ortiz v. Barriffe, 523 So.2d 896, 897 (La.App. 4th Cir.1988), writ den. 531 So.2d 273 (La.1988). There is no basis to extend that rule to a claim for sanctions under La.C.Cr.P. art. 863 or damages resulting from a frivolous lawsuit under the Louisiana election laws, La.R.S. 18:1432, the two bases for appellant’s motion.
The legislature specifically grants the trial court the authority to award costs, attorney fees and damages in the action contesting the election if the court determines that action was frivolously filed:
B. If the trial judge determines that an action contesting an election or objecting to candidacy was filed frivolously, he may award all costs of court, plus a reasonable attorney fee, plus damages, to the defendant.
La.R.S. 18:1432(B).
There is no requirement that the defendant file a motion or petition in another suit after termination of the suit contesting the election.
Moreover, Thomson suggests that the request for sanctions under Art. 863 is properly *429 brought by motion. Thomson, 602 So.2d at 301.
The majority’s reliance on Thomson is misplaced and ignores the clear intent of the legislature.