767 So.2d 962 (2000)
Kevin L. JAMES
v.
Soncerie CLARK, Terry Butcher & Associates and State Farm Insurance Company.
No. 99 CA 2005.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*963 Peter "Q." John, Baton Rouge, Counsel for Plaintiff/Appellant Kevin L. James.
Donald T.W. Phelps, Baton Rouge, Counsel for Defendants/Appellees Sonceree[1] Clark, Terry Butcher & Associates, and State Farm Insurance Company.
Before: CARTER, C.J., WEIMER, J., and FONTENOT,[2] J. Pro Tem.
WEIMER, J.
Kevin L. James is an attorney who represented the plaintiffs in a lawsuit entitled Ursula Parker et ux versus Darold W. Johnson, Calara Johnson and State Farm Mutual Automobile Insurance Company (Parker litigation). Ms. James filed the instant lawsuit on November 30, 1998, naming as defendants: State Farm Mutual Automobile Insurance Company (State Farm), a defendant in the Parker litigation; Terry Butcher & Associates (Butcher), the law firm that represented State Farm in the Parker litigation; and Sonceree Clark, an attorney employed by Butcher.
Ms. James alleged in her petition that she was defamed at the conclusion of certain discovery depositions in the Parker litigation by Ms. Clark, and that Butcher and State Farm are liable in solido with Ms. Clark. The defendants filed an exception of prescription.
Although the petition alleged the defamation occurred on November 30, 1997, at the hearing on the exception there was unrefuted testimony and evidence showing November 30, 1997, was a Sunday and the depositions were taken on November 24, 1997, more than a year before the filing of *964 the defamation suit. Ms. James did not dispute that a defamation action is subject to the one-year prescriptive period for tort actions. Instead, Ms. James argued to the trial court, and argues on appeal, that the one-year prescriptive period was suspended until the completion of discovery in the Parker litigation, and/or that the one-year prescriptive period was interrupted by an acknowledgement by Butcher.
The trial court rendered judgment sustaining the exception, and Ms. James perfected this appeal. We affirm.

SUSPENSION OF PRESCRIPTION
Ms. James argues in her first assignment of error that prescription of a defamation claim by one attorney against another attorney is suspended when the attorneys represent opposing parties in a pending judicial proceeding. She contends that as an "attorney who is trying to diligently represent the interests of her client[, she] should not have the further burden of balancing her interest in pursuing a defamation action against opposing counsel from whom she is seeking relief for her client."
In support of this argument, Ms. James cites the case of Ortiz v. Barriffe, 523 So.2d 896 (La.App. 4 Cir.), writ denied, 531 So.2d 273 (1988). Her reliance on that case is misplaced. The defamation action in Ortiz was not prescribed, although the action was filed long after the alleged defamation had taken place, because the alleged defamatory language was contained in pleadings in an earlier suit between the same parties. The appellate court held that "an action for defamation arising out of allegations made in judicial proceedings, and made against a party to those proceedings, cannot be brought until those proceedings are terminated." Id., 523 So.2d at 898.
The rule enunciated in Ortiz is simply inapplicable in the instant case. In Ortiz, the court held termination of the underlying suit is a prerequisite to bringing a defamation suit based on allegations made in the underlying suit. But here, the alleged defamation was not in the underlying suit, but occurred on a date that the underlying suit was still pending. Although there was on-going litigation at the time Ms. James was allegedly defamed by Ms. Clark, Ms. James and Ms. Clark were not litigants, but were attorneys representing the litigants. The fact that attorneys represent clients on opposite sides of litigation does not serve to interrupt or suspend prescription as to the personal claims the attorneys may have against each other. There is no applicable statutory or jurisprudential rule which would serve to interrupt prescription under the facts of this matter.
Although we appreciate the potential ethical dilemma[3] an attorney could encounter in bringing suit against opposing counsel while continuing to represent a client, any such dilemma can be resolved by withdrawing and filing one's own suit, relinquishing one's own cause of action, or suing after the original suit has ended.[4] Thus, this matter did not involve what Ms. James refers to as an "ethical risk."
There is no support in the law for suspension of prescription of one attorney's claim against opposing counsel during pending litigation between the two attorneys' clients. Ms. James' first assignment of error is without merit.

*965 INTERRUPTION OF PRESCRIPTION
In her second assignment of error, Ms. James asserts prescription was interrupted by Butcher's acknowledgment of liability. We conclude the trial court was correct in finding no acknowledgment was made.
On the day of the alleged defamation, November 24, 1997, Ms. James spoke by telephone with Terry J. Butcher, Ms. Clark's employer; Ms. James told him she intended to file a lawsuit. Mr. Butcher apologized for the incident which had upset Ms. James, but told her that "she needed to do whatever she thought was right." On December 5, 1997, John S. White, another attorney with the Butcher firm, wrote to Ms. James to confirm that he had been assigned to represent the defendants in the Parker litigation in place of Ms. Clark. Mr. White's letter made no mention of the November 24, 1997 incident.
Prescription may be interrupted by acknowledgment, which may be express or tacit; no particular form is required. Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378, 381 (La. 1980). There is no express acknowledgment in the instant case as White's letter does not even mention the November 24, 1997 incident.
Nor does the record reveal there was a tacit acknowledgment. The only direct response by any of the defendants to Ms. James' complaints was Mr. Butcher's apology and his advice that she was to do whatever she thought was right. That response cannot be interpreted as anything more than a recognition of a disputed claim, which is not tantamount to an acknowledgment that interrupts prescription.[5]See Lima v. Schmidt, 595 So.2d 624, 634 (La.1992) (mere recognition of a disputed claim does not constitute an acknowledgment).
Ms. James argues that Butcher's removal of Ms. Clark as defense counsel in the Parker litigation should be interpreted as a tacit acknowledgment of her defamation claim. Nothing was presented to the trial court to support this argument. The record is silent as to the reason for Butcher's assigning Mr. White to the case instead of Ms. Clark. Butcher's action can be interpreted as no more than recognition of a disputed claim by Ms. James against Ms. Clark. Id.
Thus, there is no merit to Ms. James' second assignment of error.
Accordingly, we affirm the judgment of the trial court sustaining the defendants' exception of prescription, and we assess plaintiff with costs of this appeal.
AFFIRMED.
NOTES
[1] Although this party's name is spelled "Soncerie" in various places in the record, we choose the spelling used by defendants' counsel.
[2] Judge H. Ward Fontenot, 38th Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[3] See Louisiana State Bar Association Rules of Professional Conduct, Rule 1.7, which mandates that an attorney avoid representing clients who have adverse interests.
[4] Although there is no evidence in this record concerning the date the Parker litigation ended, Ms. James admits in brief to this court that the Parker litigation ended in September of 1998, which was two months prior to the date prescription ran on her cause of action. She argues the trial court should have ruled prescription was suspended until the conclusion of the Parker litigation, but she does not give any reason for her failure to file her petition during the two months following the conclusion of the Parker litigation.
[5] Additionally, Mr. Butcher's apology was made on the same day as the alleged defamation. Because prescription begins to run anew after it has been interrupted, Ms. James' claim would have prescribed one year from the date of the acknowledgment, just as the claim for the alleged defamation did. See LSA-C.C. art. 3492.