# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**05-893**


PAUL A. LEMKE

VERSUS

KEISER & AUZENNE, L.L.C., ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,996
HONORABLE BERT DEXTER RYLAND, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Oswald A. Decuir, Judges.

                                                            **AFFIRMED.**


**Michael John O'Shee
Edward E. Rundell
GOLD, WEEMS, BRUSER, SUES & RUNDELL
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone:  (318) 445-6471
COUNSEL FOR:**
        **Defendants/Appellees - Keiser & Auzenne, L.L.C. and Anna Ferguson**

**Paul A. Lemke, III
P. O. Box 595
Harrisonburg, LA 71340
Telephone:  (318) 744-5431**

THIBODEAUX, Chief Judge.

Plaintiff-appellant, Paul A. Lemke, III (Lemke), appeals the grant of an exception of prematurity that resulted in the dismissal of his defamation action. Lemke, an attorney, sued the defendants-appellees, the law firm of Keiser & Auzenne, L.L.C. and attorney, Anne Ferguson (appellees), for damages he allegedly suffered because of statements made about him in legal pleadings. The pleading at issue was filed by the appellees in a separate lawsuit in which Lemke and the appellees represented opposing parties. The trial court granted the exception of prematurity, finding that the defamation action could not be filed until the final determination of the lawsuit in which the alleged defamatory statements were made.

We find no error in the judgment of the trial court. The judgment is affirmed.

## ISSUE

We must decide whether an attorney can bring a separate action for defamation against his or her opposing counsel for filing allegedly libelous pleadings before the lawsuit, out of which the offending statements arose, is finalized.

## FACTUAL BACKGROUND

In the matter titled and numbered *Succession of Carol Finnegan*, docket number 39,558, 7th Judicial District Court, Parish of Concordia, appellees filed a motion challenging, among other things, the appointment of the executor to that estate on behalf of their clients, the heirs of Carol Finnegan. A pleading titled "First Supplemental and Amending Motion and Order Contesting Appointment of Independent Executor, Opposition to Probate of Testament" was later filed. According to Lemke, the attorney for the executor, the pleading contained defamatory remarks regarding Lemke and his client. Lemke withdrew as counsel in that action

and subsequently filed a petition for damages in the parish of his domicile, Rapides. In that suit, Lemke made the following pertinent allegation regarding defamation:[1]

> Petitioner avers that in the defendant's [sic] pleading the defendants have alleged Paul A[.] Lemke[,] III[,] engaged in fraud and misrepresentation during the course of his representation of the Estate of Carol Finnegan, specifically that Paul A[.] Lemke[,] III[,] misled the heirs of the decedent. Further[,] the defendants specifically stated in their pleading that Paul A[.] Lemke[,] III[,] made fraudulent misrepresentations to the heirs of the decedent.

Appellees filed an exception of prematurity. After a contradictory hearing was held on the issue, the trial judge issued the following reasons for his judgment:

> Attorney Paul A. Lemke, III filed a lawsuit against the law firm of Keiser & Auzenne[,] LLC and Anna Ferguson[,] seeking damages for allegations in the Succession of Carol Finnegan[,] Suit No. 39,558, Seventh Judicial District Court, Concordia Parish. The pleadings apparently alleged fraudulent conduct on the part of Mr. Lemke. The defendants filed an exception of prematurity urging that the initial litigation must be completed prior to filing of a suit on libelous pleadings. Numerous cases support this position when the suit is one against a party to the original litigation. Mr. Lemke attempts to distinguish this situation from a suit involving the attorneys to the original action. The Court failed to see the distinction and finds that the original litigation should be concluded prior to suits being filed against a party or attorney involved in the original suit.

The court signed a judgment granting appellees' exception of prematurity and dismissing Lemke's petition.

In Lemke's appeal, he relies heavily on the first circuit's decision in *James v. Clark*, 99-2005 (La.App. 1 Cir. 9/22/00), 767 So.2d 962, to support his contention that his action was not prematurely filed. He argues that the *James* court held that an attorney's prescriptive period for filing a defamation action against his

---

[1]The record does not contain a copy of any of the pleadings filed in the Concordia Parish succession proceeding.

opposing counsel is not suspended or interrupted while the underlying lawsuit, out of which the claim arose, is pending. He claims, therefore, that he had one year from the date the allegations were made to seek damages for the alleged defamation and was obliged to file his action or risk losing his right to sue.

Lemke additionally argues that there is no requirement to wait until the underlying lawsuit is resolved before filing his action because the suit is solely against opposing counsel and does not include the parties to the underlying litigation. He claims that because the clients of the appellees did not verify the allegedly defamatory pleadings prior to them being filed by their counsel, the appellees were not acting as their mandataries when the motion was filed. According to Lemke, the attorneys, therefore, are solely liable for the offending comments, and he is not required to await the outcome of the underlying proceedings before filing his suit.

The appellees, on the other hand, argue that the trial court did not err in granting their exception of prematurity. They state that the trial court correctly relied upon established case law, which holds that when defamation and related actions arise as a part of ongoing litigation, those claims are not actionable until conclusion of the underlying lawsuit. This is necessary, they argue, so that the litigants in the underlying action may be allowed to prove the truth or falsity of the alleged defamatory statements.

## LAW AND DISCUSSION

This central issue of this appeal is whether Louisiana's approach to actions for defamation arising out of statements made by parties during judicial proceedings (also known as the qualified privilege) extends to statements made by the attorneys representing parties in ongoing proceedings. *See Lees v. Smith*, 363 So.2d 974 (La.App. 3 Cir. 1978). Although we have found no cases directly addressing the

application of the qualified privilege to statements made by lawyers during their representation of others in litigation, the appropriate scope of the qualified privilege is apparent to us through an analysis of its application in reported cases thus far.

First, we determined that Louisiana case law recognizes a qualified privilege that provides parties to pending litigation the protection from being sued for defamatory statements made during judicial proceedings. *Union Serv. & Maint. Co., Inc. v. Powell*, 393 So.2d 94 (La.1980)(Watson, J., concurring); *Lees*, 363 So.2d 974. It necessarily follows that during this time the one-year period that applies to the filing of a defamation action is suspended. *See James*, 767 So.2d 962. We also note that this privilege is considered "qualified" because it is not absolute. *See Union Serv.*, 393 So.2d 94 (Watson, J., concurring). This means that a party is safe from an action for defamation pending the termination of the underlying litigation; however, any such "statements made by them in judicial proceeding[s] must be material and must be made without malice and with probable cause." *Lees*, 363 So.2d at 979 (citations omitted). Moreover, as was noted by Justice Watson in his concurrence in *Union Serv.*, 393 So.2d 94, the "[p]remature trial of such thorny issues should be avoided. It may develop that trial is never necessary. The truth of defamatory statements is a statutory defense. L.S.A.-R.S. 13:3602." *Id.* at 99.

We have further concluded that the question of whether the qualified privilege rule will apply to an individual's statements made during litigation hinges on whether the alleged defamatory statements are material to the ongoing litigation so that it is necessary for the suit to be finalized before the cause of action can arise. *See Ortiz v. Barriffe*, 523 So.2d 896 (La.App. 4 Cir.), *writ denied*, 531 So.2d 273 (La.1988); *Udell, Inc. v. Ascot Oils, Inc.*, 177 So.2d 178 (La.App. 2 Cir. 1965). In other words, we find that as long as the offending comments arise during litigation and out of the same set of operational facts as those set forth in the underlying claim,

4

any defamation action is barred pending resolution of the pending litigation. *See Ortiz,* 523 So.2d 896. We reject the contention that the status of an individual as a "party" to the underlying litigation is an absolute necessity in order for this rule to apply. *Id.*

In this case involving attorney Lemke, the trial court found that the defamation action filed by him against his opposing counsel was premature, obviously recognizing that the qualified privilege applies to the facts of this case. The trial court rejected Lemke's argument that he did not have to await the outcome of the underlying proceeding before filing his defamation suit based on the fact that it did not involve the *parties* to the underlying succession proceeding. The trial court only stated in regards to this argument that it ". . . fails to see the distinction and finds that the original litigation should be concluded prior to suits being filed against a party or attorney involved in the original suit."

We agree with the trial court. On appeal, Lemke unsuccessfully attempts to distinguish the facts of his case from the line of cases that prohibit litigation of defamation actions until the underlying suit is finalized. He attempts to avoid the rule by arguing that the case of *James v. Clark*, 99-2005 (La.App. 1 Cir. 9/22/00), 767 So.2d 962, found an attorney's lawsuit for defamation against her opposing counsel to be prescribed because it was filed more than one year after the alleged defaming statements were made. Lemke argues that the *James* case recognizes that the qualified privilege does not apply to statements made by lawyers in litigation.

The *James* decision does not support this argument. *James* involved a lawsuit filed by an attorney against her opposing counsel for statements allegedly made about her at the conclusion of certain discovery depositions. *Id*. Attorney James failed to file her lawsuit for defamation within one year of the date on which the alleged defamatory comments were made, and the trial court sustained an

exception of prescription filed by opposing counsel in regards to the defamation action. *Id*. On appeal, attorney James argued that the one-year prescriptive period for her action was suspended until the underlying proceeding was terminated, relying on *Ortiz*, 523 So.2d 896, for support. The *James* court found *Ortiz* distinguishable from the facts before it, reasoning that " . . . the alleged defamation was not in the underlying suit, but occurred on a date the underlying suit was still pending." *James*, 767 So.2d at 964. The court ruled that attorney James' defamation action, therefore, had prescribed. *Id*.

We find the *James'* court's recognition that the alleged defamation was not made "in the underlying suit," to be a key point. *James*, 767 So.2d 962. We believe the court intended to differentiate between those statements that are material to the underlying litigation and those that are not. *Id*. In other words, we believe the *James* court recognized that the comments at issue that did not arise out of the same set of operational facts as those in the underlying litigation and, as a result, found that the qualified privilege did not apply in this case. *Id*. For that reason, there was no suspension of the prescriptive period for the filing of attorney James' action while the underlying litigation was being resolved. *Id*. That being said, we conclude that Lemke's reliance on *James* is misplaced.

In regard to the specific facts of this case, we find that the averments that gave rise to Lemke's defamation action material to the underlying motion to have the executor removed from his position. The averments were made against attorney Lemke and his client (the executor) and bear directly on the issue of whether the executor should be removed from his position. Even though the defamation action was filed by Lemke in a separate court, his action was correctly dismissed pending termination of the underlying action. *See Ortiz*, 523 So.2d 896; *see also*, *Lees*, 363 So.2d 974. This is necessary for all of the reasons cited in the decisions above. It is

6

further necessary to bar the action, under the facts of this case, in order to avoid the simultaneous litigation of identical issues in different courts, which could result in different findings. We, therefore, conclude that because Lemke's action for defamation arose out of the same set of operational facts as those at issue in the underlying litigation, his defamation action was premature.

## **CONCLUSION**

We find no error in the judgment of the trial court, granting the exception of prematurity in favor of Keiser & Auzenne, L.L.C. and Anne Ferguson. Accordingly, the judgment of the trial court is affirmed and all costs of this appeal are assessed to plaintiff-appellant, Paul A. Lemke, III.

**AFFIRMED.**