DONNA KILLIAN,
v.
STEPHEN M. IRVING AND MIRACLE LANE.
No. 2009 CA 0827.
Court of Appeals of Louisiana, First Circuit.
April 1, 2010.
Not Designated for Publication
A. J. PAUL FREDRICKSON, II, Baton Rouge, Louisiana, Counsel for Plaintiff-Appellant, Donna Killian.
CONNELL L. ARCHEY, TRAVIS B. WILKINSON, Baton Rouge, Louisiana, Counsel for Defendants-Appellees, Stephen M. Irving and. Miracle Lane.
Before: CARTER, C.J., PARRO, and KUHN, JJ.
KUHN, J.
Plaintiff-appellant, Donna Killian,[1] appeals the trial court's action of granting summary judgment and dismissing her claims against defendants-appellees, attorney Stephen M. Irving and his employee and paralegal Miracle Lane, for damages allegedly arising from various torts. We affirm in part, reverse in part, and remand.
After Lane contended that her signature as a notary on a power of attorney given in favor of Killian by Elaine Williams was a forgery, Irving filed allegations claiming that the estate of Elaine Williams was entitled to an accounting from Killian of all sums she transferred to herself pursuant to the invalid power of attorney.[2] Killian was subsequently arrested and apparently spent three weeks in jail as a result of statements Lane made to a detective with the East Baton Rouge Parish Sheriff's Office. Killian was formally charged with felony crimes. The criminal charges were dismissed without prejudice on March 7, 2006.
On March 6, 2007, Killian filed this lawsuit averring that Irving was liable for damages arising from defamation and malicious prosecution. She also alleged that Lane had falsely imprisoned her. Irving sought summary judgment on the basis of a qualified privilege and Lane sought summary dismissal from the lawsuit on the basis of prescription. The trial court agreed and signed a judgment, granting summary judgment in favor of Irving and Lane and dismissing all Killian's claims against them. A new trial motion by Killian was denied without a hearing. This devolutive appeal followed.
Contending that there are outstanding issues of material fact, particularly about Irving's good faith, which preclude summary judgment on Irving's entitlement to a qualified privilege, Killian seeks a reversal of the trial court's dismissal of Irving. For the reasons orally given by the trial judge, we find that the evidence offered in support of summary judgment establishes that at the time the allegations were made on behalf of the estate of Elaine Williams, Irving was acting with probable cause and without malice. In response to this proof, Killian did not produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial. Thus, there is no genuine issue of material fact as to Irving's entitlement to a qualified privilege relative to Killian's claims for defamation and malicious prosecution, and Irving is entitled to summary judgment. La. C.C.P. art. 966C(2); see Freeman v. Cooper, 414 So.2d 355, 359 (La. 1982) (statements made in the course of a judicial proceeding are subject to a qualified privilege if the statements are material to the proceeding and are made with probable cause and without malice); see also Ferrant v. Parish of Tangipahoa, 2001-2278, pp. 4-5 (La. App. 1st Cir. 6/21/02), 822 So.2d 118, 120 (if a statement is based on probable cause, there is no liability for malicious prosecution). And because Killian's allegations of fact do not state a cause of action against Irving for false imprisonment, the trial court correctly dismissed all claims against him in his personal capacity.
Killian further asserts the trial court erred in granting summary judgment relief to Lane based on a conclusion that the false imprisonment, defamation, and malicious prosecution claims against her had prescribed.
We initially note that Killian has suggested, and we have found, no basis to suspend or interrupt prescription insofar as her claim of false imprisonment against Lane. Killian had one year to file suit against Lane. See La. C.C. art. 3492. According to the allegations of fact in her petition, she did not do so and, thus, this claim is prescribed.
Insofar as the defamation claim, Killian urges the evidence established that the statements Lane made to the East Baton Rouge Parish Sheriff's Office detective ultimately led to the charges filed against her and, thus, during the pendency of the criminal investigation, prescription on the defamation claim was suspended. Because the criminal prosecution against her was dismissed on March 7, 2006, Killian maintains, her lawsuit, filed on March 6, 2007, was before the one-year accrual of the prescriptive period.
Louisiana case law recognizes a qualified privilege that provides parties to pending litigation protection from being sued for defamatory statements made during judicial proceedings. Lemke v. Keiser & Auzenne, L.L.C., 2005-893, p. 4 (La. App. 3d Cir. 2/1/06), 922 So.2d 690, 692-93. It necessarily follows that, during this time, the one-year period that applies to the filing of a defamation action is suspended. Id., 2005-893 at p. 4, 922 So.2d at 693. But this suspension of prescription applies only to allegedly defamatory statements made by parties to a lawsuit. See James v. Clark, 99-2005, p. 3 (La. App. 1st Cir. 9/22/00), 767 So.2d 962, 964. Since Lane is not a party to the criminal prosecution against Killian, the basis for suspension is inapplicable. For the reasons expressed by the trial judge, Killian failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. Thus, there is no genuine issue of material fact as to whether Killian's defamation claim against Lane was prescribed, and Lane was entitled to summary judgment on that cause of action.[3]See La. C.C.P. art. 966C(2).
Killian asserts that her cause of action for malicious prosecution against Lane was incorrectly dismissed. To state a claim for malicious prosecution, a plaintiff must assert (1) commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damage conforming to legal standards resulting to plaintiff See Patin v. Duplessis Pontiac-Buick-GMC Trucks, Inc., 632 So.2d 790 (La. App. 1st Cir. 1993), writ denied, 94-1004 (La. 6/17/94), 638 So.2d 1096.
In her petition, Killian averred that Lane's interview with the detective of the East Baton Rouge Parish Sheriff's Office resulted in Killian "being accused of having committed ... crimes"; that with the information provided by Lane, the detective executed an affidavit of probable cause and obtained a warrant of arrest; that she was subsequently arrested and incarcerated; and that on March 7, 2006, the charges against her were dismissed without prejudice. Killian vehemently denied "that she is a thief, that she ever committed bank fraud, that she forged [Lane's] signature to any document, [or] that she ever knowingly used a forged document," and she demanded that Lane "make strict proof of [her] unfounded accusations and/or allegations." Lastly, Killian set forth damages she alleges she suffered as a result of Lane's actions.
Our review of the record bears out that Lane did not move for summary judgment on the issue of her entitlement to dismissal from the lawsuit on any basis other than prescription, focusing particularly on the defamation claim.
The liberative prescriptive period for a malicious prosecution claim does not begin to run until the underlying prosecution is dismissed. See Murray v. Town of Mansura, 2006-355, p. 7 (La. App. 3d Cir. 9/27/06), 940 So.2d 832, 838, cert. denied, 552 U.S. 915, 128 S.Ct. 270, 169 L.Ed.2d 197 (2007) (citing Manuel v. Deshotels, 160 La. 652, 654, 107 So. 478, 479 (1926), and De Bouchel v. Koss Constr. Co., 177 La. 841, 848, 149 So. 496, 497 (1933)).
Because Killian has averred that the underlying criminal prosecution was dismissed on March 7, 2006, and her petition was filed on March 6, 2007, based on her allegations, the claim is timely. Lane offered nothing to demonstrate that the malicious prosecution claim against her was prescribed. Thus, the allegations of fact asserting a cause of action in malicious prosecution remain viable subsequent to the dismissal of the false imprisonment and defamation claims against Lane, and the trial court erred in its overly broad dismissal of all Killian's claims. And because Irving admitted in his answer that Lane was employed by him and acting under his direction and control at the time all acts and omissions were averred to have occurred by Lane, the dismissal of Killian's claims against him in his capacity as employer of Lane was likewise overly broad. See La. C.C. art. 2320.
Because Lane failed to establish that Killian's claim for malicious prosecution against her was prescribed, the trial court erred in granting summary judgment on this basis. Thus, that portion of the judgment dismissing the malicious prosecution claim against Lane and against Irving in his capacity as Lane's employer is reversed. Otherwise, the judgment is affirmed. The matter is remanded to the trial court for further proceedings in accordance with this memorandum opinion issued in compliance with La. U.R.C.A. Rule 2-16.1.B. Appeal costs are assessed two-thirds to plaintiff-appellant, Donna Killian, and one-third to defendants-appellees, Miracle Lane and Stephen M. Irving.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] In her deposition, Killiam is identified as "Vera O'Donna Morace Killian."
[2] Irving's claim appears in a petition of intervention that Irving filed on behalf of the Succession of Elaine Williams by the co-executors, Elaine Williams' children, Elaine "Tiny" Williams Phillips and David K. "DK" Williams, who is also the live-in boyfriend of Killian, in a lawsuit filed by the co-executors' maternal grandmother against DK Williams and Killian. See Cambel v. Williams, Nineteenth Judicial District Court, Parish of East Baton Rouge, No. 498,280.
[3] Killian also contends that an affidavit attached to Lane's reply memorandum to Killian's opposition to the motion for summary judgment was executed in a judicial proceeding thereby constituting a statement made by Lane in a judicial proceeding which would have the effect of suspending the accrual of prescription until the completion of that lawsuit. Lane's affidavit that Killian relies on was attached to an affidavit executed by Lane in her reply memorandum. According to Lane's attestations in the affidavit she filed in connection with this lawsuit, "On July 25, 2003, she signed an affidavit attesting that her signature on the power of attorney was a forgery. A true and correct copy of that affidavit is attached as Exhibit B." In the Exhibit B affidavit, Lane attested that "Killian endorsed [two dividend checks issued to Elaine Williams] using the forged power of attorney." The Exhibit B affidavit was executed before Irving. It contains a caption at the top indicating "Succession of Elaine C. Williams/Probate No. 076697 Div. `N'/19th Judicial District Court/Parish of East Baton Rouge/State of Louisiana." While the Exhibit B affidavit purportedly suggests that it was filed in the probate proceeding stated in its caption, nothing in the record demonstrates that it was. Neither Lane's attestations in the affidavit attached to her reply memorandum nor the contents of the Exhibit B affidavit establish that the Exhibit B affidavit was actually filed in a judicial proceeding. And there is nothing in the record establishing the dates "Probate No. 076697 Div. `N'" was pending so as to ascertain whether Killian's March 6, 2007 lawsuit was timely filed. Having failed to move or request that the record to the probate proceeding be admitted into evidence, the court will not take judicial notice of the record. See La. C.E. arts. 201B and 202, Alleman v. Joffrion, 411 So.2d 1142, 1144 (La. App. 1st Cir.), writ denied, 415 So.2d 945 (La. 1982). Thus, the Exhibit B affidavit is not factual support sufficient to establish that Killian will be able to satisfy her evidentiary burden of proof at trial and her reliance on it is misplaced.