J^NORRIS, Chief Judge.
Harry G. Frazer Jr. appeals a judgment dismissing his motion for sanctions against an attorney, Anthony J. Bruscato. The motion alleged that Bruscato signed a supplemental and amending petition joining Frazer as a defendant in an ongoing civil suit, but that Bruscato certified this pleading without first ascertaining that the assertions therein were factual, in violation of La. C.C.P. art. 863. The District Court sustained Bruscato’s exception of prescription and dismissed the motion for sanctions. For the reasons expressed, we affirm.

Procedural background

In May 1986, Philip Scurria Sr., individually, filed suit against Billy Hodge and Joseph “Joe” Scurria. The gist of the suit was that the defendants and Anthony Scurria had been stockholders in a closely held corporation, Tallulah Cablevision Corp., but after Anthony’s death the corporation repurchased his 50 shares for the unreasonably low price of $100,000. In September 1989, Scurria filed another suit, both individually and as provisional administrator of the succession of Anthony Scur-ria, against Hodge, Joe Scurria, and TCC; the suits were consolidated for trial. On July 30,1993, Philip Scurria filed a supplemental and amending petition, joining Frazer as a defendant, on grounds that Frazer, as TCC’s CPA, undervalued the corporation’s stock and contributed to the sale of the stock for an unreasonably low price. The amended petition was signed by Bruscato, Philip Scurria’s attorney.[1]
In June 1996, Frazer filed a motion for summary judgment. The District Court denied the motion, finding that genuine issues of material fact existed ^regarding Frazer’s potential liability.
The consolidated cases proceeded to trial in September and October 1996. At the close of the plaintiffs case, the District Court granted Frazer’s motion for involuntary dismissal. This was reduced to judgment on October 17, 1996 and affirmed on appeal. See, Scurria v. Hodge, 30,370 (La.App. 2 Cir. 4/8/98), 719 So.2d 753 (unpub.op.), writ denied 98-1535 (La.9/18/98), 724 So.2d 768.
On August 25, 1999, Frazer filed the instant motion to sanction Bruscato.[2] *295 Bruseato responded with, inter alia, an exception of prescription, urging that the motion was not filed until nearly three years after the judgment in favor of Frazer had become appealable. He argued that jurisprudence interpreting Fed. R. Civ. Pro. R. 11, on which art. 863 is based, establishes that a motion for sanctions must be filed within a time frame that has a nexus to the behavior sought to be deterred; the three-year delay was simply too long. In support he cited Connelly v. Lee, 96 1213 (La.App. 1 Cir. 5/9/97), 699 So.2d 411, writ denied 97-2825 (La.1/30/98), 709 So.2d 710, and citations therein.
Frazer countered that art. 863 is silent as to when a motion for sanctions must be filed; he urged that the motion is a personal action regulated by the 10-year prescriptive period of La. C.C. art. 3499. Alternatively he urged that even if the del-ictual prescriptive period of one year applied, La. C.C. art. 3492, his motion was timely, as it came within one year of the writ denial. In support he also cited Connelly v. Lee, supra.

Action of the trial court

The District Court prepared thoughtful reasons for judgment which addressed each of the parties’ contentions. We reproduce them here:
| ^Connelly is the more helpful Louisiana case. In Connelly the court held that a motion for sanctions filed within a year from the filing of the offending petition is not inordinately long. The court noted that Article 863 is silent as to when a motion for sanctions should be filed and found no state case law directly addressing this issue. The court in Con-nelly recognized that Article 863 is derived from Rule 11 of the Federal Rules of Civil Procedure and found it appropriate to look to federal jurisprudence applying Rule 11 for guidance, citing Loyola v. A Touch of Class Transp. Serv. Inc., 580 So.2d 506 (La.App. 4 Cir.1991). This court agrees and finds relevant the following language in Connelly at pages 416 and 417:
In General Motors Accept. Corp. v. Charlie Bates Chevrolet-Buick Inc., 954 F.2d 1081 (5 Cir.1992), the court considered a claim that a 33-month delay between the offending conduct and the motion for sanctions was inordinate and required a rejection of the request for sanctions. Relying on the advisory committee notes to Rule 11 stating that “[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so,” the court held that when the primary purpose for imposing sanctions is to deter, “it is precept that sanctions be imposed within a time frame that has a nexus to the behavior sought to be deterred.” Id., 954 F.2d at 1086, citing Thomas v. Capital Security Serv. Inc., 836 F.2d 866, 881 (5 Cir.1988) (en banc). Considering the facts in this case, we feel that the imposition of sanctions within a year after plaintiff filed his objectionable petition serves the policy purpose of deterrence and is not so remote in time from the behavior sought to be deterred as to violate any due process or notice requirements which may apply.
The court in Connelly dealt with a motion for sanctions filed November 2, 1994 in response to a pleading filed February 2, 1993 (actually a period of 21 months in contrast to the majority opinion’s statement that a year delay from the filing of plaintiffs petition to the filing of the motion for sanctions is not inordinately long). The dissenting opinion in Connelly points out that the motion for sanctions was not filed until after the suit was dismissed and 17 *296 months after the filing of the challenged pleading. [Footnote omitted.]
In this case, although the Motion to Sanction was filed within one year of the denial of a writ application by the Louisiana Supreme Court it was filed approximately six years after the offending supplemental and amending petition was filed. Further, it was filed after the dismissal of the claim against Frazer became final following appeal to the Court of Appeal, Second Circuit, and writ application to the Louisiana Supreme Court.
Although the instant exception * * * is entitled an exception of prescription, the court in Connelly and the federal jurisprudence discuss the time period for filing a motion for sanctions in terms of reasonableness. It appears that a motion for sanctions is not a true cause of action subject to rules of liberative prescription but a right or action designed to promote the fair and efficient administration of justice; therefore, it appears appropriate to consider the circumstances of each case to determine the timeliness of a motion for sanctions.
1¿Considering all the circumstances in this case requires this court to find that the motion for sanctions was untimely. Although in retrospect the court finds it unfortunate and regrettable that a retired CPA faced vexing litigation that was determined to be without merit, the fact is that the claim survived defendant’s motion for summary judgment and sufficient issues were present to allow plaintiffs their day in court. It seems inappropriate to view the litigation in hindsight and punish counsel for the vigorous prosecution and appeal of a claim that failed.
In Mellon Bank Corp. v. First Union Real Est. Equity & Mortgage Inv., 951 F.2d 1399 (3 Cir.1991), the court found that a Rule 11 motion for sanctions filed nearly 2]6 years after a suit was filed in federal court was untimely. The court also found that the motion was not filed in the trial court before the entry of a final judgment as required by supervisory rule of the U.S. Court of Appeals, 3d Circuit. In the instant suit there is no such court rule but the wisdom and purpose of the rule seems evidence to this court. A motion to sanction filed in the trial court following completion of the trial and the appeal process raises at least two problematic issues. First, what authority does the trial court have to act after the jurisdiction of the trial court is divested by appeal? And secondly, and more relevant to the instant exception, can the purposes of Article 863 be effectively served after the underlying litigation is over? * * *
The imposition of sanctions usually serves two main purposes: deterrence and compensation; encompassed within those objectives are the related subsidiary goals of punishing litigation abuse and facilitating case management. Navarro-Ayala v. Nunez, 968 F.2d 1421 (1 Cir.1992).
This court finds the delay of six years after filing of the offending petition before the motion to sanction to be inordinately long despite the fact that it was filed within one year of denial of writ application by the Louisiana Supreme Court.
Further, this court finds that the Louisiana cases requiring termination of litigation before the filing of a claim for defamation or malicious prosecution are not applicable to this case. See, In re Interdiction of Thomson, 602 So.2d 300 (La.App. 3 Cir.1992); and Ortiz v. Barriffe, 523 So.2d 896 (La.App. 4 Cir.), writ denied 531 So.2d 273 (1988).

Discussion

On appeal Frazer urges that his motion to sanction Bruscato under art. 863 is not regulated by the “reasonable time frame” rule of federal jurisprudence interpreting Rule 11. Rather, he contends that Brusca-to’s duty to a non-client created a strictly personal obligation, La. C.C. art. 1766, which is subject to liberative prescription of 10 years, La. C.C. art. 3499. Frazer *297 concludes that this “positive law” must supersede any contrary jurisprudence.
1 ñThe argument, though creative, lacks legal support. An attorney does not owe a legal duty to his Ghent’s adversary when acting in his Ghent’s behalf, absent a showing of intentionally tortious conduct on the attorney’s part, such as knowingly violating a prohibitory law. Joyner v. Wear, 27,631 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, writ denied 96-0040 (La.2/28/96), 668 So.2d 370, and citations therein. The mere fact that an attorney’s pleadings are found to be without justification or merit does not mean that they violated art. 863. Walker v. Stegall, 25,423 (La.App. 2 Cir. 1/19/94), 631 So.2d 89, and citations therein.
In Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, the Supreme Court stated, “Moreover, federal courts interpreting Fed. R. Civ. Pro. 11, which is the source of art. 863 (which provides sanctions for improper pleadings), have concluded that it does not create a private cause of action, but is rather a remedial tool available to the court.” Id., fn. 6.
Given the Supreme Court’s refusal to treat art. 863 sanctions as a private cause of action, we decline to treat the motion as a personal action subject to 10-year hberative prescription. Instead, we subscribe to the federal jurisprudence requiring that the motion be filed within a “reasonable time frame,” one that affords the offending attorney an opportunity to defend his conduct and the court an opportunity to rectify it. We detect no manifest error in the District Court’s conclusion that the instant motion was too late to satisfy these criteria.

Conclusion

For the reasons expressed, the judgment is affirmed at appellant’s costs.
AFFIRMED.

. La. C.C.P. art. 863 B provides, in pertinent part: “[T]he signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.”

. La. C.C.P. art. 863 D provides: "If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made Lhe certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of reason *295 able expenses incurred because of the filing of the pleading, including a reasonable altor-ney's fee.”