# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**15-684**
*Consolidated With*
**15-903**

**LINDA M. SNAVELY, ET AL.**

**VERSUS**

**ACE PAIN MANAGEMENT, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2014-5373
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**J. Lomax Jordan, Jr.**
**Attorney at Law**
**Post Office Box 4321**
**Lafayette, Louisiana 70502**
**(337) 233-9984**
**Counsel for Plaintiff/Appellant:**
    **Linda M. Snavely**

**Alan K. Breaud**
**Jade A. Forouzanfar**
**Breaud & Meyers**
**Post Office Box 3448**
**Lafayette, Louisiana 70502**
**(337) 266-2200**
**Counsel for Defendants/Appellees:**
    **Margaret Rice, M.D., APMLLC**
    **Rice Medical Management, LLC**
    **Ace Pain Management, LLC**

**KEATY, Judge.**

Plaintiff, Linda M. Snavely, appeals the trial court's judgment granting an Exception of Prescription in favor of Defendants, Margaret Rice, M.D., APMLLC; Rice Medical Management, LLC; and Ace Pain Management, LLC (collectively "Rice entities"). For the following reasons, the trial court's judgment is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

This medical malpractice, wrongful death, and survival action arose in 2010 when Brian Snavely, who was driving a motorcycle, almost collided with a vehicle driven by a minor, Kayse Vincent. Prior to this, Brian was treating with Dr. Margaret Rice (Dr. Rice) and the Rice entities for chronic pain following an industrial accident which occurred in 1999. He continued treating with them for pain associated with this 2010 motorcycle incident, which included taking narcotic pain medication prescribed by Dr. Rice and the Rice entities.

Brian subsequently filed a Petition for Damages on January 21, 2011 in the Fifteenth Judicial District, Docket Number 2011-0381, against Kayse's parents, Kip Dewayne Vincent and Sydney Ann Vincent, and their insurer, Allstate Insurance Company. Therein Brian asserted that Kayse's parents were vicariously liable for Kayse's negligence. During the pendency of this matter, Brian died of a drug overdose on August 18, 2012.

As a result, Brian's mother, Plaintiff herein, filed a Request to Convene a Medical Review Panel against Dr. Rice and the Rice entities on June 24, 2014, pursuant to the provisions of the Louisiana Medical Malpractice Act (LMMA), La.R.S. 40:1299.41-.49. In her request, Plaintiff alleged that Dr. Rice's and the Rice entities' medical treatment rendered to Brian following his 2010 motorcycle accident caused and/or contributed to his death. On June 30, 2014, the Patient's

Compensation Fund (PCF) sent correspondence to Plaintiff advising that Dr. Rice was a qualified health-care provider pursuant to the LMMA and entitled to a medical review panel. The PCF advised, however, that the Rice entities were not qualified and not entitled to a medical review panel. Dr. Rice, who remained the only Defendant in the medical review panel proceeding, filed an Exception of Prescription in the medical malpractice review proceeding, which was granted following an October 27, 2014 hearing. The trial court also dismissed Plaintiff's medical malpractice review panel proceeding as prescribed.

Plaintiff filed the instant Petition for Damages against the Rice entities in the Fifteenth Judicial District on October 21, 2014, Docket Number 2014-5373. Therein, Plaintiff asserted medical malpractice claims against the Rice entities for its treatment rendered to Brian, which allegedly caused or contributed to his death. The Rice entities filed an Exception of Prescription on January 30, 2015. The trial court granted the exception following a hearing on March 9, 2015, and its judgment was reduced to writing on March 18, 2015. Plaintiff appeals this judgment.

On appeal, and in her sole assignment of error, Plaintiff contends that the trial court abused its discretion in granting the Rice entities' Exception of Prescription. Subsequent to this appeal and by order of this court dated October 15, 2015, this matter was consolidated with the companion case hereto, *Linda M. Snavely, et al. v. Ace Pain Management, LLC, et al.*, bearing Docket Number 15-903.

### STANDARD OF REVIEW

This court discussed the applicable standard of review regarding an Exception of Prescription as follows:

Prescription is a peremptory exception which is provided for in La.Code Civ.P. art. 927. Evidence in support or contravention of the exception may be introduced if the grounds are not apparent from the petition. La.Code Civ.P. art. 931. An appellate court reviews the exception under the manifest error standard of review if evidence is introduced in support or contravention of the exception. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. If not, the appellate court "simply determines whether the trial court's finding was legally correct." *Id*. at 830. Generally, the burden of proof lies on the party pleading the exception of prescription. *Id*. However, if it is apparent from the face of the pleadings that prescription has occurred, the burden shifts to the plaintiff to show that the action has not prescribed. *Id*.

*Allain v. Tripple B Holding, LLC*, 13-673, pp. 9-10 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278, 1285. In this case, we will apply the manifest error standard of review since evidence was introduced at the hearing on the exception.

## DISCUSSION

### I.    Medical Malpractice Prescription and Contra Non Valentum

In her only assignment of error, Plaintiff contends that the trial court abused its discretion in granting the Rice entities' Exception of Prescription. The prescriptive period governing medical malpractice claims is codified at La.R.S. 9:5628(A) (emphasis added), which provides in pertinent part:

No action for damages for injury or death against any physician . . . hospital or nursing home duly licensed under the laws of this state . . . whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless **filed within one year from the date of the alleged act, omission, or neglect,** or **within one year from the date of discovery of the alleged act, omission, or neglect**; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Application of the one-year prescriptive period with respect to damages that are immediately apparent was discussed by the Louisiana Supreme Court in *In re*

3

*Medical Review Panel for Claim of Moses*, 00-2643, pp. 7-8 (La. 5/25/01), 788 So.2d 1173, 1178 (emphasis added), as follows:

> [A] one-year prescription period (which parallels the general tort period) is the general rule, which applies to all types of medical malpractice actions. **Under this general rule, such actions prescribe one year from the date of the alleged act, omission or neglect. This rule applies when the damages are immediately apparent.**

In this case, any damages resulting from the alleged malpractice occurred prior to Brian's death and, therefore, became immediately apparent on August 18, 2012 when he died. Plaintiff's petition was filed on October 21, 2014, which was more than two years following his death. In her brief and petition, however, Plaintiff alleges that this second amended petition is an amendment to her Request to Convene a Medical Review Panel on June 24, 2014. Assuming a filing date of June 24, 2014, Plaintiff's petition prescribed on its face since more than one year lapsed from the time that Brian died until the time that Plaintiff filed it. As such, the burden shifted from the Rice entities to Plaintiff to show that the action had not prescribed.

Plaintiff attempted to meet her burden of proof at the hearing by arguing application of the contra non valentum discovery exception provided for in La.R.S. 9:5628(A). Contra non valentum prevents the running of prescription when "the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *Jenkins v. Starns*, 11-1170, p. 19 (La. 1/24/12), 85 So.3d 612, 623. The contra non valentum discovery exception was explained by the *Moses*, 788 So.2d at 1178-79 (footnote omitted), court as follows:

> [I]n cases involving damages that are not immediately apparent, a discovery exception to the general rule is codified. The discovery

4

exception embodied in [La.R.S. 9:]5628[(A)] is a codification of the fourth category of *contra non valentem* for cases in which the cause of action is not immediately knowable. Under this discovery rule, such actions prescribe one year from the date of discovery of the alleged act, omission or neglect.

The *Moses*, 788 So.2d at 1179, court further explained that:

[A]n overall limitation is placed on cases otherwise falling within the discovery rule. That overall limitation is the underscored portion of [La.R.S. 9:]5628[(A)], which provides that "*in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.*" La.Rev.Stat. 9:5628[(A)] (emphasis supplied). Translated, this means that "the *contra non valentem* type of exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the alleged injury causing act, omission or neglect." *Boutte v. Jefferson Parish Hospital Service District No. 1*, 99-2402 at p. 5 (La. 4/11/00), 759 So.2d 45, 49.

The *Moses* court explained that La.R.S. 9:5628(A) "is a hybrid statute, providing both a one-year prescriptive period, including an incorporation of the discovery rule, and a three-year repose period; the latter repose rule acts to cut off the discovery rule incorporated into the former prescriptive period." *Id.* It noted that this three-year period sets an "'overall limitation, one based on the length of the period following the negligent act, beyond which the action is barred, regardless of subsequent discovery.'" *Id.* (quoting 1 David W. Louissell & Harold Williams, *Medical Malpractice* ¶ 13.02[2][b] at 13-40 (1999)).

In this case, Plaintiff states in her petition and brief that she did not discover a possible medical malpractice claim until September 2013 when her counsel informed her of the verbal opinion rendered by a pharmacologist/toxicologist expert regarding Brian's death. Plaintiff's petition explains that her counsel hired an expert in August 2013 to examine Brian's medical records. Her petition states that the expert opined that there may have been a breach in the standard of care rendered by the Rice entities and that she did not learn of his opinion until August

5

or September 2013 when informed by her counsel. Plaintiff reiterated the foregoing at the hearing on the exception pursuant to her live testimony along with her affidavit which was submitted into evidence. She, therefore, argues that the request, and thus the petition, was timely, given that it was filed within one year of her September 2013 discovery.

Plaintiff's reliance on this September 2013 conversation with her attorney as a basis for suspension of prescription is misplaced. As explained in *Bosarge v. DePaul/Tulane Behavioral Health Center*, 09-1345, p. 5 (La.App. 4 Cir. 5/19/10), 39 So.3d 790, 794, the fourth circuit held that, "[t]he plaintiff need not be informed by an attorney or physician of the possibility of malpractice before prescription begins to run." Rather, the trial court stated:

> Prescription commences and continues when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of a tort. The test for determining a plaintiff's knowledge turns on her reasonableness, whether a cause of action was reasonably "knowable" by a plaintiff.

*Id*. (citations omitted).

At the hearing, Plaintiff testified that she knew Brian was treating with the Rice entities prior to his death. Brian's death certificate was also submitted into evidence which shows that it was issued on August 23, 2012, and that he died on August 18, 2012, of "poly drug toxicity" caused by the "misuse of drugs." This shows that even if Plaintiff was unaware that Brian's death was caused by medical malpractice on August 18, 2012, his medical malpractice cause of action was reasonably "knowable" and sufficient to incite her curiosity by August 23, 2012. Thus, Plaintiff's filing of the request and petition was untimely since it was filed approximately two years later.

After the hearing, the trial court found that Plaintiff's action had prescribed by stating, "Okay. I'm going to sustain the exception of prescription. The suit was filed long after the death of [Brian]." The trial court further explained:

> I'm sustaining it as to everything. Two years went by. He died of a drug overdose. The attention of the plaintiff should have been excited to the fact that there might be a possible claim, and it should have been investigated and filed within a year. So the exception is sustained.

Based on the foregoing, we find that the trial court did not manifestly err in finding that Plaintiff's medical malpractice suit had prescribed.

## II. Wrongful Death Prescription

The prescriptive period for a wrongful death claim asserted in a medical malpractice action was discussed by the Louisiana Supreme Court in *Taylor v. Giddens*, 618 So.2d 834, 836 (La.1993), as follows:

> [Louisiana Revised Statutes] 9:5628 provides the prescriptive period for survival actions but does not provide the prescriptive period for wrongful death actions . . . . The commencement and running of the prescriptive period for the wrongful death action is controlled by the one year liberative period applicable to delictual actions, [La.Civ.Code] art. 3492, and the action is available to the certain beneficiaries named in [La.Civ.Code] art. 2315.2[.]

Delictual actions have a prescriptive period of one year which "**commences to run from the day injury or damage is sustained**." La.Civ.Code art. 3492 (emphasis added). The *Taylor*, 618 So.2d 834, court further explained that a wrongful death action is not the same as a malpractice action since the former only favors the victim's beneficiaries. As such, it is not controlled by the prescriptive period provided for in medical malpractice actions, La.R.S. 9:5268(A). *Id*. The wrongful death prescriptive period begins to run on the date of the victim's death because that is the date that the claimants are injured. *Id*.

In this case, the wrongful death prescriptive period began to run on August 18, 2012, which was the date of Brian's death. Plaintiff waited until 2014 to file suit. Her action, therefore, prescribed since it was not filed within one year of Brian's death. Accordingly, we find that the trial court did not manifestly err in finding that Plaintiff's wrongful death suit had prescribed.

**DECREE**

The trial court's judgment granting an Exception of Prescription in favor of Defendants, Margaret Rice, M.D., APMLLC; Rice Medical Management, LLC; and Ace Pain Management, LLC, is affirmed. All costs of this appeal are assessed to Plaintiff, Linda M. Snavely.

**AFFIRMED.**